CAROLINE T. KISSEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21788.   Promulgated April 5, 1929.

*Henry J. Richardson, Esq.*, and *C. W. Dudley, Esq.*, for the petitioner.

*Byron M. Coon, Esq.*, for the respondent.

OPINION.

MORRIS: Pursuant to stipulation entered into between the parties, the facts appertaining to the first and second issues herein have been found from *Caroline T. Kissel*, 15 B. T. A. 705, in so far as applicable to the taxable years in controversy. The parties have also stipulated that those issues should be decided according to the final decision in that case, in which we held that the petitioner was entitled to deduct in each year that portion of the cost which the taxable year bears to her total life expectancy as shown by life tables, but that she was not entitled to any additional deduction representing exhaustion of the building over its own life.

The third allegation of error herein is with respect to the failure of the respondent to allow as deductions certain sums paid by the petitioner, as sublessee, to the City of New York, pursuant to a covenant in her lease providing for the payment by her of all taxes assessed against the premises " as part of the rent." The respondent has allowed that portion of the tax payments representing assessments against the improvements and has disallowed the sums assessed against the land.

Section 214 (a) and subparagraph (3) of the Revenue Acts of 1921 and 1924 provide:

(a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(3) Taxes paid or accrued within the taxable year except (a) income, war-profits, and excess-profits taxes imposed by the authority of the United States, (b) so much of the income, war-profits and excess-profits taxes, imposed by the authority of any foreign country or possession of the United States, as is allowed as a credit under section 222, (c) taxes assessed against local benefits of a kind tending to increase the value of the property assessed, and (d) taxes imposed upon the taxpayer upon his interest as shareholder or member of a corporation, which are paid by the corporation without reimbursement from the taxpayer. For the purpose of this paragraph estate, inheritance, legacy, and succession taxes accrue on the due date thereof except as otherwise provided by the law of the jurisdiction imposing such taxes.

The petitioner contends that as long as the amount paid was a tax and was her obligation, it was deductible by her. That portion

of the tax, the deduction of which was disallowed by the respondent, was upon the land which the petitioner occupied as lessee and was paid by her under the terms of the lease. Undoubtedly she was under obligation to make the payment in order to continue in possession of the premises, but her obligation was to the lessor, and not to the taxing authority. The liability for the payment of the tax rested upon the owner of the land, and he is the only one, in our opinion, who is entitled to the deduction for taxes paid or accrued within the taxable year. Any agreement between him and a third party for the paying of his liability does not entitle such third party to a deduction under section 214 (a) (3) of the Revenue Acts of 1921 and 1924. See *R. C. Musser*, 3 B. T. A. 498; *George E. Hamilton*, 6 B. T. A. 240; *A. W. Hurley*, 6 B. T. A. 695; *A. Eisenberg*, 11 B. T. A. 574. Neither is the petitioner entitled to the deduction claimed, considering the payment as additional rental, as it was for residential property and therefore a personal expense. Section 215 of the Revenue Acts of 1921 and 1924.

The fourth issue urged by the petitioner is with respect to claimed deductions for attorneys' fees paid during 1923 and 1924 for the prosecution and litigation of matters pending before the Bureau of Internal Revenue. Section 214 (a) and subparagraph (1) thereof of the Revenue Act of 1921 provide:

(a) That in computing net income there shall be allowed as deductions:

(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity;

Section 215 (a) (1) of that Act prohibits the deduction of " personal, living, or family expenses."

The respondent contends that these expenses were not paid in the petitioner's trade or business but were for services in connection with the adjustment of her personal income-tax liability before the Bureau of Internal Revenue and the preparation and filing of her returns for those years.

The respondent cites *George P. Douglas*, 1 B. T. A. 372, and *Laemmle* v. *Eisner*, 275 Fed. 504, in support of the position taken by him. In the former case the question was with respect to the deductibility of attorneys' fees paid for services incurred in breaking a will by which the taxpayer came into possession of his inheritance, and the latter involved the question of whether certain sums

paid by the taxpayer to gain control of a corporation, resulting finally in practically the ownership thereof, were expenses or capital outlay. In our opinion those cases are not at all in point.

In *Charles Henry Mattlage*, 3 B. T. A. 242, we held that an amount paid for the preparation of the petitioner's individual Federal income-tax return was not deductible, but, as we later said in *J. W. Forgeus*, 6 B. T. A. 291, "It did not appear in that case, however, that the expenditure was in connection with the taxpayer's trade or business," and in the latter case we allowed such an expenditure to be deducted as an ordinary and necessary business expense. Therefore, the fact that attorneys' fees are paid in the litigation of matters arising out of the individual return of a taxpayer does not preclude the deduction if the expenditure in dispute grew out of the taxpayer's "trade or business."

As the court said in *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, "'Business' is a very comprehensive term and embraces everything about which a person can be employed. Black's Law Dict., 158 * * *." The word "business" as defined by Bouvier's Law Dictionary, vol. 1, p. 273, quoted with approval by the court in the foregoing case, means "That which occupies the time, attention and labor of men for the purpose of a livelihood or profit." *Thomas F. Sheridan*, 4 B. T. A. 1299; *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503. The term "business" has also been defined to mean "some profitable activity undertaken on its own account." *Chile Copper Co.* v. *Edwards*, 294 Fed. 581.

We have held in innumerable cases that a taxpayer engaged in the occupation of farming for profit is engaged in a trade or business within the meaning of the acts. *August Merckens*, 7 B. T. A. 32; *Moses Taylor*, 7 B. T. A. 59; *H. T. Cochran*, 3 B. T. A. 215, and others.

The record shows that petitioner is a woman of substantial means and that she invests rather heavily in stocks, bonds, and other securities, and in real estate, and that her son is employed regularly to manage her affairs and maintains an office and employs two assistants for that purpose. We are satisfied from the evidence, and the testimony of record, that substantially all of the alleged errors or inaccuracies, out of which the proposed additional assessment arose, which attorneys were employed to defend, were not mere isolated personal transactions, but were connected with the petitioner's trade or business within the meaning of section 214 (a) (1), *supra*, and we, therefore, hold that the fees paid, plus reimbursed expenses, are deductible.

*Judgment will be ordered under Rule 50.*