THE FALK CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 42830.   Promulgated June 26, 1931.

*William C. Quarles, Esq.*, and *L. J. Burlingame, Esq.*, for the
petitioner.

*F. R. Shearer, Esq.*, for the respondent.

**OPINION.**

McMahon: The respondent contends that the payment of additional Wisconsin income and surtaxes for the years 1915 to 1921, inclusive, constituted consideration for the transfer of certain assets of The Falk Company and as such does not constitute an allowable deduction in 1923 under section 234(a)(3) of the Revenue Act of 1921.

We have here a situation where the old company transfers all its manufacturing and operating assets and business to a newly organized corporation, The Falk Corporation, and certain notes receivable, bonds and timber holdings to another newly organized corporation, The Falk Investment Company, the entire capital stock of both new corporations being turned over to the old company.

Referring to the tabulation set forth in our findings of fact showing the transfer of assets to the old company by The Falk Corporation, it will be noted that The Falk Corporation received assets in the amount of $7,105,795.77; and that its total capital stock was of the par value of $6,000,000, leaving a difference as between the value of assets received by The Falk Corporation and the par value of the stock transferred to The Falk Company of $1,105,795.77. The books of both companies were kept on the accrual basis and

the additional taxes apparently were not accrued and among the book liabilities as shown by the tabulation. It is apparent therefore that the assumption of the taxes and payment thereof was a part of the consideration for the transfer of the assets. The additional taxes paid by the petitioner constituted a payment of a contractual liability assumed by the petitioner as part consideration for a transfer of assets and are not deductible from gross income. *Athol Manufacturing Co.*, 22 B. T. A. 105, and *Grand Hotel Co.*, 21 B. T. A. 890. See also *American Chicle Co.*, 23 B. T. A. 221, and *New York, Chicago & St. Louis Railroad Co.*, 23 B. T. A. 117.

The petitioner, in the stipulation of facts and in its brief, admits that certain assets of The Falk Company were transferred and assigned to petitioner in consideration of the issuance by the petitioner to The Falk Company of petitioner's total authorized capital stock and in further consideration of the assumption by petitioner of all liabilities of The Falk Company, including the taxes in controversy herein. It is petitioner's contention, however, that the facts in this case show a reorganization of The Falk Company; that the taxes finally paid by The Falk Corporation to the State of Wisconsin came from the same beneficial interest as though they had been paid by The Falk Company; and that therefore the taxes as paid are deductible by the party paying the same, either as a business expense or as a deduction of a tax. In other words, petitioner contends that under the reorganization section of the income-tax act, The Falk Company and The Falk Corporation are one and the same taxpayer.

Section 181.02 of the Wisconsin Statutes provides that all corporations which shall be dissolved shall nevertheless continue to be " bodies corporate for three years thereafter " for the purpose as set forth in said section.

On May 16, 1921, the stockholders of The Falk Company adopted a resolution of dissolution and thereafter The Falk Company continued for three years as a body corporate. The shares of stock received from petitioner were not distributed in liquidation until on or about December 27, 1923. On April 28, 1921, the petitioner was organized and the old company and the new company were, up to and after the assessment of additional Wisconsin income and surtaxes against The Falk Company, to wit, December 26, 1922, two separate bodies corporate and not one and the same corporate body or entity. Two corporations may have the same officers, directors and stockholders, but nevertheless, while each has corporate existence, are two separate and distinct entities. The Falk Company, upon which the taxes were imposed, was still in existence as a body corporate at the time the taxes were imposed and at the time the taxes were paid. Taxes are deductible as such only by those

888

upon whom they are imposed. *Carolina T. Kissel*, 15 B. T. A. 1270, and *Samuel Riker, Jr., et al.*, 15 B. T. A. 1160.

We have examined the cases cited in petitioner's brief and are satisfied that they are distinguishable.

We can not agree with petitioner's contention.

*Judgment will be entered for the respondent.*