GUIGNARD MAXCY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57510.   Filed June 13, 1956.

*Robert W. Patton, Esq.*, for the petitioner.
*Henry C. Stockell, Jr., Esq.*, for the respondent.

OPINION.

VAN FOSSAN, *Judge:* The respondent determined a deficiency in petitioner's income tax for the taxable year ended June 30, 1951, in the amount of $2,221, with a penalty of $383.35 under section 294 (d) (2), Internal Revenue Code of 1939. The penalty and certain minor adjustments are not contested. The parties stipulate that the issue between them "is whether petitioner could properly deduct the sum of $8,707.03, representing interest accrued on personal income tax deficiencies for the fiscal years 1944, 1945, 1946, and 1951, as a business deduction from gross income in the fiscal year 1952 for the purpose of computing a net operating loss for the year 1952 pursuant to Section 122 of the Internal Revenue Code of 1939."

The parties also agree that the precise question so raised has apparently never been ruled on by any court. The very novelty of the

question and the fact that the answer is so clearly obvious probably account for the absence of any pertinent or definitive ruling. The burden is on petitioner to demonstrate the clear allowability of the deduction. This burden he has failed to carry. A negative answer is so clearly pointed by the pertinent statutes that a consecutive reading of the provisions of the Code (see below [1]) requires little, if any, elaboration.

In determining whether a taxpayer comes within the provisions of section 22 (n) (1), two tests are involved: (1) Are the payments allowable deductions under section 23, and (2) are they attributable to a trade or business carried on by the taxpayer? To be deductible from gross income in arriving at a net operating loss, the item claimed must be an expense of the trade or business conducted by the taxpayer.

To come within the category of general business expense, the item must satisfy all three of the following conditions:

1. It must be incurred in carrying on the trade or business.
2. It must be both ordinary and necessary.
3. It must be paid or incurred within the taxable year.

As pertinently observed by respondent on brief, it is obvious from a simple statement of the nature of the deduction claimed here that it does not fall within the definition of a business expense which is deductible under section 22 (n) (1) for the purpose of section 122. The interest expense claimed accrued entirely on the petitioner's personal income tax obligations for the years 1944, 1945, 1946, and 1951, which he did not pay when due. Thus, it was a purely personal expense of the petitioner which was no more attributable to his trade

---

[1] The Internal Revenue Code of 1939 provides:

SEC. 22 (n) DEFINITION OF "ADJUSTED GROSS INCOME".—As used in this chapter the term "adjusted gross income" means the gross income minus—

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer * * *

SEC. 23.  DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness * * *

SEC. 122.  NET OPERATING LOSS DEDUCTION.

(a) DEFINITION OF NET OPERATING LOSS.—As used in this section, the term "net operating loss" means the excess of the deductions allowed by this chapter over the gross income, with the exceptions, additions, and limitations provided in subsection (d).

*        *        *        *        *        *        *

(d) EXCEPTIONS, ADDITIONS, AND LIMITATIONS.—The exceptions, additions, and limitations referred to in subsections (a), (b), and (c) shall be as follows:

*        *        *        *        *        *        *

(5) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall (in the case of a taxpayer other than a corporation) be allowed only to the extent of the amount of the gross income not derived from such trade or business * * *

or business than his personal living or family expenses. Nor was it, in any sense, "ordinary and necessary" to the business.

The petitioner's sole argument in support of his action in designating such interest payments as business expenses is that his income was derived from his business and he used money from his business to pay the taxes and interest instead of borrowing from the bank. This same argument would, if valid, be equally applicable to *every* expenditure made by the taxpayer for *any* purpose during the taxable year and could convert every one of them to a business expense. The mere statement of such a proposition serves as a refutation of it.

In his determination and argument in support of his action, respondent does not hold and does not contend that the petitioner had no right to deduct any part of the interest accrued on his return for the fiscal year 1952 but says that it was a personal deduction to be used in computing net income pursuant to section 23 (b) and was not to be taken into account for the purpose of computing a net operating loss, except to the extent of nonbusiness income under section 122 (d) (5). Such allowance was reflected in the statutory notice of deficiency and a deduction was granted to the amount of $2,325.40, representing such nonbusiness income in 1952.

No useful purpose would be served to belabor the question further. We hold that respondent did not err in his disallowance of the interest to the extent set forth in the notice of deficiency.

*Decision will be entered for the respondent.*