COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

James J. STANDING and Marie S. Standing, Respondents.

No. 7638.

United States Court of Appeals Fourth Circuit.

Argued June 9, 1958.

Decided Sept. 20, 1958.

Carter Bledsoe, Atty., Dept. of Justice, Bethesda, Md. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, Washington, D. C., on the brief), for petitioner.

Dudley DuB. Cocke, Norfolk, Va., for respondents.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BARKSDALE, District Judge.

BARKSDALE, District Judge.

This is an appeal from a decision of the Tax Court involving a deficiency in income tax in the amount of $18,634.40, the opinion of the Tax Court being reported at 28 T.C. 789. The facts, so far as pertinent, may be briefly stated as follows:

Taxpayer James J. Standing, during all the times here pertinent, was sole proprietor of two businesses, a retail lumber concern and an organization engaged in building and selling houses. Taxpayer Marie S. Standing was and is his wife. In July 1951, the Commissioner proposed adjustments in the joint income tax liability of the Standings for the years 1944 through 1949 resulting in total deficiencies and penalties of $160,566.46. These deficiencies were caused by increases in the business income of the taxpayers for these years.

The taxpayers engaged an attorney, and an accountant, on a contingent fee basis to represent them in connection with the proposed deficiencies. In December of 1951, a compromise was reached, the taxpayers signing a Form 870 agreement whereby they agreed to pay a total of $90,438.95 in full settlement of the asserted taxes, interest and penalties. For service rendered in reaching this settlement, the taxpayers incurred attorneys' and accountants' fees and expenses (for simplification hereinafter referred to as "legal fees") of $14,367.16. All of this amount became due and accruable in December 1951, although only $1,500 of it was actually paid in that year. Also, in the settlement reached in December 1951, taxpayers agreed to pay $14,676.16 as interest assessed on the agreed tax deficiency for prior years. None of this amount of interest was actually paid, but the entire sum was accruable in 1951. Taxpayers were on the accrual basis for reporting business income and expense,

and on a cash basis for reporting non-business deductions.

In computing "adjusted gross income" in their joint income tax return for 1951, the taxpayers claimed as business deductions both the interest assessed on the tax deficiency agreed to for prior years, and the legal fees incurred in contesting the deficiency assessment. Also they elected to and did take the optional standard deduction of $1,000.

The Commissioner determined that the legal fees and interest were not allowable as "business" deductions for the purpose of arriving *at* adjusted gross income. Instead, he allowed the $1,500 actually paid in 1951 on account of legal fees as a "non-business" itemized deduction *from* adjusted gross income, in lieu of the standard deduction taken by the taxpayers. The Commissioner's explanation for his action was that the interest and expenses involved were not business deductions, and that since the taxpayers were on a cash basis for reporting non-business deductions, the unpaid portion of these items could not be accrued and deducted in the year 1951. However, the Tax Court held that both the interest and legal fees were "business deductions" and that since the taxpayers were on an accrual basis for the purpose of reporting business income, the entire amount of these items was properly accrued in 1951, and was deductible in arriving at adjusted gross income.

The Commissioner admits that both the legal fees and interest items are deductible, but contends that the legal fees are a non-business deduction under section 23(a) (2), 26 U.S.C.A. § 23(a) (2), which is as follows:

"*Non-trade or non-business expenses.* In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

And the Commissioner further contends that the item of interest is deductible as a non-business deduction under Section 23(b), the pertinent part of which is,

"*Interest.* All interest paid or accrued within the taxable year on indebtedness, * * *"

On the contrary, taxpayers contend that both the item of legal fees and the item of interest are deductible under the provisions of 22(n) (1) and 23(a) (1) (A), which, so far as pertinent here, are as follows:

"§ 22. Gross income. * * *

"(n) Definition of 'adjusted gross income'. As used in this chapter the term 'adjusted gross income' means the gross income minus—

"(1) *Trade and business deductions.* The deductions allowed by section 23 which are attributable to a trade or business carried on by the taxpayer if such trade or business does not consist of the performance of services by the taxpayer as an employee;"

"§ 23. Deductions from gross income.

"In computing net income, there shall be allowed as deductions:

"(a) *Expenses.*

"(1) *Trade or business expenses.*

"(A) *In General.* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. * * *"

The Commissioner urges that the legislative history, particularly the Committee report (S.Rep.No. 885, 78th Congress, 2nd Sess., 1944 Cum.Bull. 858) filed when Section 22(n) was added to the Revenue Code in 1944 (58 Stat. 231), shows that the adoption of "Adjusted gross income" introduced a new concept of taxation. He urges that the language of the report clearly indicates that expenses such as these under consideration are not "business deductions" deductible in arriving *at* adjusted gross income. He particularly relies upon the following language of the report:

"The deductions described in clause 1 [Sec. 22(n) (1)] above are limited to those which fall within the category of expenses directly incurred in the carrying on of a trade or business. The connection contemplated by the statute is a direct one rather than a remote one. For example, property taxes paid or incurred on real property used in the trade or business will be deductible, whereas State income taxes, incurred on business profits, would clearly not be deductible for the purpose of computing gross income. * * * *"

The Treasury Regulation in regard to Section 22(n) (1), is in conformity with the Committee report, but is no more specific in its relation to the question here involved. This Regulation, in part, is as follows:

"Section 22(n) does not create any new deductions, but merely specifies which of the deductions provided in Section 23 shall be allowed in computing adjusted gross income * * *

"The deductions specified in Section 22(n) for the purpose of computing adjusted gross income are:

"(1) Deductions allowable under Section 23, which are attributable to a trade or business carried on by the taxpayer not consisting of services performed as an employee; * * *

" * * * To be deductible for the purposes of determining adjusted gross income, expenses must be those directly, and not those merely remotely, connected with the conduct of the trade or business. For example, taxes are deductible in arriving at adjusted gross income only if they constitute expenditures directly attributable to the trade or business or to property from which rents or royalties are derived. Thus, property taxes paid or incurred on real property used in the trade or business are deductible, but State in-

come taxes are not deductible even though the taxpayer's income is derived from the conduct of a trade or business." (Treasury Regulation 111, promulgated under the Internal Revenue Code of 1939; Sec. 29. 22 (n)-1 [as added by T.D. 5425, 1945 Cum.Bull. 10] Adjusted Gross Income.)

It is to be noted that neither the Committee report nor the Treasury Regulation specifically mentions interest on deficiency assessments of business income, nor legal expenses incurred in contesting such deficiency assessments.

■ Of course, legislative history, including Committee reports, carries great weight in cases of statutory ambiguity. However, here it must be noted that, when Section 22(n) (1), with its reference to Section 23, was added to the Code in 1944, Section 23(a) (1) (A) was carried forward without change, and this section had been the subject of judicial interpretation in a number of cases decided prior to 1944.

Certainly it would seem that when Congress enacted Section 22(n) (1) into law with its reference to Section 23, it was intended that Section 23(a) (1) (A) should continue to mean what the courts had construed it to mean before the enactment of Section 22(n) (1) in 1944. Prior to 1944, the Tax Court (or B. T. A.) had held that interest on income tax deficiencies or legal expenses in contesting such deficiencies, or both, were deductible as ordinary and necessary business expenses in Kissel v. Commissioner, 15 B. T. A. 1270; Louise C. Slack, etc. v. Commissioner, 35 B. T. A. 271; Estate of Brawner v. Commissioner, 36 B. T. A. 884; Greene Motor Co. v. Commissioner, 5 T.C. 314; see also W. D. Haden Co. v. Commissioner, 5 Cir., 165 F.2d 588.

The following quotation from Louise C. Slack, etc. v. Commissioner, supra (35 B. T. A. at page 281), is illustrative:

"The question involved in the third issue is whether or not the decedent properly deducted as an ordinary and necessary expense the item

of $1,800 paid during the year 1931 to his attorneys for legal services rendered in connection with an appeal to this Board from the determination of a deficiency in income tax against him for the year 1923. As we have pointed out, the decedent derived substantially all of his income from real estate rentals. In our opinion his activities in connection with the management of his rental properties constituted the carrying on of a trade or business and the income involved in the proceeding before the Board was derived from the sale of a portion of a parcel of real estate bought for use in connection with that trade or business. Under authority of the decision of the Supreme Court of the United States in Kornhauser v. United States, 276 U.S. 145 [48 S. Ct. 219, 72 L.Ed. 505], it is our opinion that the fee in question was an ordinary and necessary expense, incurred and paid by the decedent in carrying on a trade or business. The petitioners are sustained on this issue. See also Caroline T. Kissell, 15 B. T. A. 1270. Cf. Alice G. Kales, 34 B. T. A. 1046."

In Kornhauser v. United States, 1928, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505, the question involved was whether legal expenses incurred by taxpayer in resisting a suit for accounting brought by a former partner were deductible as a business expense. After referring to several instances where legal expenses had been held to be deductible as business expenses, the court said (276 U.S. at page 153, 48 S.Ct. at page 220):

"The basis of these holdings seems to be that where a suit or action against a taxpayer is directly connected with, or, as otherwise stated (Appeal of Backer, 1 B. T. A. 214, 216) *proximately resulted from,* *his business,* the expense incurred is a business expense within the meaning of section 214(a) subd. 1, of the act. These rulings seem to us to be sound and the principle upon which they rest covers the present case. If the expense had been incurred in an action to recover a fee from a client who refused to pay it, the character of the expenditure as a business expense would not be doubted. In the application of the act we are unable to perceive any real distinction between an expenditure for attorney's fees made to secure payment of the earnings of the business and *a like* *expenditure to retain such earnings* *after their receipt. One is as direct-* *ly connected with the business as the* *other."* (Italics supplied.)

The case of Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171, involved the question of whether legal expenses of one engaged in the mail order business in defending against a fraud order of the Postmaster General which threatened to destroy his business, were deductible as business expenses. The court said (320 U.S. at page 470, 64 S.Ct. at page 252):

"There can be no doubt that the legal expenses of respondent were directly connected with 'carrying on' his business. Kornhauser v. United States, 276 U.S. 145, 153, 48 S.Ct. 219, 220, 72 L.Ed. 505; cf. Appeal of Backer, 1 B. T. A. 214; Pantages Theatre Co. v. Welch, 9 Cir., 71 F.2d 68. Our inquiry therefore is limited to the narrow issue of whether these expenses were 'ordinary and necessary' within the meaning of Section 23(a)."

The court held that the expenses were deductible under Section 23(a).

The case of Bingham's Trust v. Commissioner, 1945, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670, is not directly in point, because there, the taxpayer trustees were not engaged in business, but claimed that legal expenses incurred in contesting a deficiency assessment were deductible under Section 23(a) (2). However, certain observations made by the court as *dicta* are illuminating, particularly in view of the fact that this opinion was rendered the year after Sec-

tion 22(n) (1) became law. The court said (325 U.S. at page 373, 65 S.Ct. at page 1237):

"Section 23(a) (2) is comparable and *in pari materia* with § 23(a) (1) authorizing the deduction of business or trade expenses. Such expenses need not relate directly to the production of income for the business. It is enough that the expense, if 'ordinary and necessary,' is directly connected with or proximately results from the conduct of the business. Kornhauser v. United States, supra, 276 U.S. 152–153, 48 S.Ct. 219, 72 L.Ed. 505; Commissioner of Internal Revenue v. Heininger, supra, 320 U.S. 470–471, 64 S.Ct. 249, 252, 88 L.Ed. 171. The effect of § 23(a) (2) was to provide for a class of non-business deductions coextensive with the business deductions allowed by § 23(a) (1), except for the fact that, since they were not incurred in connection with a business, the section made it necessary that they be incurred for the production of income or in the management or conservation of property held for the production of income. McDonald v. Commissioner, supra, 323 U.S. 57, 61–62, 66, 65 S.Ct. 96, 89 L.Ed. 68; and see H.Rep.No. 2333, 77th Cong.2d Sess., pp. 46, 74–76; S.Rep.No. 1631, 77th Cong.2d Sess., pp. 87–88.

"Since there is no requirement that business expenses be for the production of income, there is no reason for that requirement in the case of like expenses of managing a trust, so long as they are in connection with the management of property which is held for the production of income. Section 23(a) (2) thus treats the trust as an entity for producing income comparable to a business enterprise, and like § 23(a) (1) permits deductions of management expenses of the trust, even though the particular expense was not an expense directly producing income. It follows that all of the items of expense here in question are deductible if, as the Tax Court has held, they are expenses of management or conservation of the trust fund, whether their expenditure did or did not result in the production of income."

It is true that, in a previous case, in which the factual situation was similar to the situation presented here, the Tax Court held that interest on an income tax deficiency, albeit the tax was imposed on business income, was "a purely personal expense of the petitioner which was no more attributable to his trade or business than his personal living or family expenses. Nor was it, in any sense 'ordinary and necessary' to the business." Maxcy v. Commissioner, 26 T.C. 526. Strangely, no authority is cited in the Maxcy opinion, which was filed on June 13, 1956. Equally strangely, the Maxcy case is not referred to in the Tax Court's opinion in the instant case.

In the recent case of International Trading Company v. Commissioner, T.C. Memo. 1958–104, the memorandum opinion having been filed on May 29, 1958, taxpayers claimed substantial deductions in the taxable years 1948 through 1952 for fees paid to attorneys and accountants in connection with litigation over their tax liabilities and in the defense of criminal actions against them. In its memorandum opinion, the Tax Court makes no reference to either the Maxcy case, supra, nor to the instant case, but the conclusion reached by the Tax Court on this issue seems to be in accord with our conclusion here. The court said (p. 27):

"The respondent also contends that the litigation arose over the filing of personal income tax returns and hence the fees could not be regarded as business expenses. But the evidence shows that the income reported on the return or involved in the dispute came from a business operated as a sole proprietorship. Necessarily, the profits of such a business had to be reported on in-

dividual returns or joint returns of husband and wife. The litigation concerned business income, and the costs of such litigation are business expenses and are deductible except where a conviction results and public policy denies the deduction."

■ Admittedly, the expenses claimed as deductions here were not incurred for the production of income from taxpayer's business. However, that is not the criterion. As was said in Kornhauser, supra (276 U.S. page 153, 48 S.Ct. 220, 72 L.Ed. 505):

"In the application of the act we are unable to perceive any real distinction between an expenditure for attorney's fees made to secure payment of the earnings of the business and a like expenditure to retain such earnings after their receipt. One is as directly connected with the business as the other."

■ In view of the construction of the pertinent statutes in the cases cited herein, it is our conclusion that the accrued legal expenses and interest claimed as deductions here "are attributable to a trade or business carried on by the taxpayer" [Section 22(n) (1)] and were "ordinary and necessary expenses paid or incurred during the taxable year in carrying on" taxpayer's business [Section 23(a) (1) (A)]. It is therefore our conclusion that the decision of the Tax Court should be affirmed.

"Whether an expenditure is directly related to a business and whether it is ordinary and necessary are doubtless pure questions of fact in most instances. Except where a question of law is unmistakably involved, a decision of the Board of Tax Appeals on these issues, having taken into account the presumption supporting the Commissioner's ruling, should not be reversed by the federal appellate courts. Careful adherence to this principle will result in a more orderly and uniform system of tax deductions in a field necessarily beset by innumerable complexities." Commissioner of Internal Revenue v. Heininger,. supra, 320 U.S. at page 475, 64 S.Ct. at page 254, 88 L.Ed. 171.

In the light of our construction of Section 22(n), it becomes unnecessary to consider whether, if Section 22(n) should be construed to exclude the legal fees and interest claimed here as business deductions in arriving *at* adjusted gross income, those expenses would still be accruable under Section 446 and allowable as deductions *from* adjusted gross income for the year 1951. Since the taxpayers were on the accrual basis for reporting business income and these expenses were certainly of a business nature, rather than personal expenses, it would seem that, even if they were not allowable as deductions in arriving *at* adjusted gross income, they should be allowable deductions *from* adjusted gross income.

Affirmed.