CLYDE E. THOMAS, SR., AND REBA E. THOMAS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 93556.    Filed February 12, 1964.

*Julius C. Calhoun*, for the petitioners.
*Bruce Hallmark*, for the respondent.

### OPINION

BRUCE, *Judge:* Respondent determined a deficiency in the income tax of petitioners for the taxable year 1959 in the amount of $150. The sole issue is whether a legal fee paid by petitioners in connection with the settlement of their disputed Federal income tax liabilities for prior years is deductible in computing adjusted gross income under section 62(1) of the Internal Revenue Code of 1954 [1] for the year 1959.

The facts are fully stipulated and are found accordingly.

Petitioners are husband and wife who reside in Big Spring, Tex. They filed their joint Federal income tax return for the calendar year 1959 on the cash basis of accounting with the district director of internal revenue at Dallas, Tex.

On their 1959 return, petitioners reported the following amounts of income (or loss) from the sources indicated:

| Source | Amount |
|---|---|
| Law practice | $10, 131. 53 |
| Interest income | 2, 051. 75 |
| Sale or exchange of property | 560. 48 |
| Sale of houses | 944. 03 |
| Rents and royalties (Clyde E. Thomas) | (1, 231. 97) |
| Rents and royalties (Reba E. Thomas) | 3, 204. 44 |
| Total | 15, 660. 26 |

Petitioners elected on their 1959 return to take the standard deduction provided by section 141 in lieu of the itemized deductions provided by sections 161 through 216. In arriving at adjusted gross income under section 62 prior to deducting the standard deduction, petitioners deducted from gross income the amount of $500 representing a legal fee paid by them in 1959 in connection with the settlement of their disputed Federal income tax liabilities for the years 1953, 1954, 1955, and 1956. The sources of income for 1953 to 1956, inclusive, were substantially the same as those for the year 1959.

---

[1] Except as otherwise indicated, all section references hereinafter will refer to the Internal Revenue Code of 1954.

Respondent disallowed the $500 legal fee claimed by petitioners on their 1959 return as a deduction from gross income under section 62. In the statement attached to the notice of deficiency the following explanation was made:

(g) It has been determined that the $500.00 you paid to the law firm of Weeks, Bird, Cannon, and Appleman in 1959 for services rendered in settling your personal income tax liability for earlier years is not deductible as an expense of your business.

It has further been determined that you elected to claim a standard deduction of $1,000.00 on your 1959 return rather than itemize your nonbusiness deductions. Accordingly, the deduction for said $500.00 claimed on your 1959 return has been disallowed.

The issue is whether the legal fee in question is deductible under section 62 (1)[2] in computing adjusted gross income.

Respondent, on brief, "admits that the legal fee is a deduction which is allowable under one or more sections of the [1954] Code (including section 162) ; but contends that the legal fee is not deductible for the purpose of computing adjusted gross income under section 62."

In support of his contention respondent relies upon the congressional purpose expressed in the committee reports which accompanied the enactment of section 22(n) of the 1939 Code, the predecessor of section 62 (S. Rept. No. 885, 78th Cong., 2d Sess., p. 25 (1944), 1944 C.B. 858, 877, and H. Rept. No. 1365, 78th Cong., 2d Sess., p. 23 (1944), 1944 C.B. 821, 838), and *Commissioner* v. *Bilder*, 369 U.S. 499, wherein the Supreme Court held that congressional purpose explicitly revealed in House and Senate committee reports was of controlling importance. We fail to see, however, wherein the committee reports mentioned above explicitly or otherwise indicate a congressional intent that legal expenses incurred in contesting asserted Federal income tax deficiencies are not deductible for the purpose of computing adjusted gross income under section 62.

We have previously held that interest on income tax deficiencies for prior years and *legal expenses* incurred in settling such deficiencies are deductible in arriving at adjusted gross income under section 22(n) of the 1939 Code. *James J. Standing*, 28 T.C. 789, affd. 259 F. 2d 450 (C.A. 4), nonacq. 1958–1 C.B. 7. In that case petitioners sought to deduct interest on Federal income tax deficiencies resulting from an increase in business income and legal expenses incurred in settling the disputed liability in arriving at adjusted gross income under section 22(n) of the 1939 Code before the deduction of the

---

[2] SEC. 62. ADJUSTED GROSS INCOME DEFINED.

For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions:

(1) TRADE AND BUSINESS DEDUCTIONS.—The deductions allowed by this chapter (other than by part VII of this subchapter) which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee.

standard deduction. In finding for petitioners, we relied upon cases holding that expenditures for legal services in settling or litigating Federal income tax liabilities are business expenses deductible under section 23(a)(1)(A) of the 1939 Code (the predecessor of section 162(a) of the 1954 Code), including *Estate of Henry N. Brawner, Jr.*, 36 B.T.A. 884; *Louise C. Slack et al., Executors*, 35 B.T.A. 271; and *Caroline T. Kissel*, 15 B.T.A. 1270. In affirming the opinion of this Court the Fourth Circuit considered and discussed the committee reports relied upon by respondent in the instant case and rejected the argument of congressional intent advanced by respondent on the basis of those reports. Since respondent admits that the legal fees in the instant case are deductible as business expenses under section 162, the *Standing* case is controlling of the issue in this case and requires a finding that these legal expenses are deductible in arriving at adjusted gross income under section 62. Cf. *Commissioner* v. *Polk*, 276 F. 2d 601 (C.A. 10, 1960), affirming 31 T.C. 412; *Commissioner* v. *Reise*, 299 F. 2d 280 (C.A. 7, 1962), affirming 35 T.C. 571; and *Clarence Wood*, 37 T.C. 70, appeal dismissed (C.A. 6, 1962).

*Decision will be entered for the petitioners.*