Douglas H. Tanner, Petitioner, *v.* Commissioner of Internal Revenue, Respondent

Docket No. 2159–64. Filed November 4, 1965.

Douglas H. Tanner, pro se.
*Richard M. Schwartz*, for the respondent.

OPINION

Atkins, *Judge:* The respondent determined a deficiency of $272.67 in income tax of the petitioner for the taxable year 1962. Such deficiency resulted from the disallowance by the respondent, in computing the petitioner's adjusted gross income under section 62(1) of the Internal Revenue Code of 1954,[1] of an amount of $439.80, representing West Virginia individual income tax paid by the petitioner in 1962 on income received by him as his share of the net income of certain partnerships, and the issue presented is the propriety of such disallowance.

All of the facts have been stipulated and are incorporated herein by this reference.

The petitioner is a single person residing in Morgantown, W. Va. He filed his Federal income tax return for the taxable year 1962 with the district director of internal revenue at Parkersburg, W. Va., employing the cash receipts and disbursements method of reporting.

During the taxable year 1962 the petitioner was a partner, with his father and his brother, in an accounting firm in Morgantown known

---

[1] Sec. 62 provides in part as follows:

For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions:

(1) Trade and business deductions.—The deductions allowed by this chapter (other than by part VII of this subchapter) which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee.

(2) Trade and business deductions of employees.—

(A) Reimbursed expenses.—The deductions allowed by part VI (sec. 161 and following) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer.

(B) Expenses for travel away from home.—The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee.

(C) Transportation expenses.—The deductions allowed by part VI (sec. 161 and following) which consist of expenses of transportation paid or incurred by the taxpayer in connection with the performance by him of services as an employee.

(D) Outside salesmen.—The deductions allowed by part VI (sec. 161 and following) which are attributable to a trade or business carried on by the taxpayer, if such trade or business consists of the performance of services by the taxpayer as an employee and if such trade or business is to solicit, away from the employer's place of business, business for the employer.

as Tanner & Tanner. During that year he was also a limited partner in the Martinique Apartments Co., which owned and rented an apartment complex in Phoenix, Ariz.

In his West Virginia individual income tax return for the year 1962 the petitioner reported adjusted gross income of $27,563.89, of which $18,849.79 was reported as his share of income from the above partnerships. Therein he reported a tax liability of $643.12, all of which had been paid by him in 1962 by estimated tax payments and by withholding.

In his Federal income tax return for the taxable year 1962 the petitioner reported $18,999.04 as his distributive share of the income of the partnership, Tanner & Tanner, and $149.25 as his share of a net loss sustained by the partnership, the Martinique Apartments Co., or a net amount of income from the partnerships of $18,849.79. In computing his adjusted gross income he deducted from the amount of $18,849.79 the amount of $439.80, representing the portion of the West Virginia individual income tax paid by him in 1962 on such amount of $18,849.79. Then, in computing his taxable income he took the standard deduction in the amount of $1,000. As stated, the respondent disallowed the claimed deduction of $439.80.

Since the petitioner elected to take the standard deduction instead of itemized deductions, he is precluded from deducting from his adjusted gross income, in computing his taxable income, the individual West Virginia income tax paid by him. Sec. 63(b), 1954 Code. The question presented is whether he is entitled, under section 62(1) of the Code, to deduct from his gross income, in computing his adjusted gross income, that portion of such tax which was paid upon the business income which he derived from the partnerships. Section 62(1) provides that the term "adjusted gross income" means gross income minus the deductions allowed by chapter 1 (with certain exceptions) "which are attributable to a trade or business carried on by the taxpayer," if such trade or business does not consist of the performance of services by the taxpayer as an employee.

It is the petitioner's position that the portion of his individual West Virginia income tax paid on the business income received by him from the partnerships is an ordinary and necessary expense attributable to businesses carried on by him, and that therefore such portion is deductible, under section 62(1), in determining his adjusted gross income.

The respondent, on the other hand, contends that, in view of the purpose of Congress as evidenced by its committee reports, none of the petitioner's individual West Virginia income tax should be considered as attributable to a trade or business carried on by him within the meaning of section 62(1) of the Code.

The provisions of section 62(1) and (2)(A) and (B) of the 1954 Code are substantially the same as the provisions of section 22(n) of the 1939 Code, which first incorporated the concept of "adjusted gross income." Section 22(n) of the 1939 Code was enacted by section 8(a) of the Individual Income Tax Act of 1944. There are set forth in the margin pertinent portions of the congressional committee reports with respect to section 8(a) of the Individual Income Tax Bill of 1944, namely, S. Rept. No. 885, 78th Cong., 2d Sess., and H. Rept. No. 1365, 78th Cong., 2d Sess.[2] As will be noted, the committee reports specifically state that State income taxes, though incurred as a result of business profits, are not to be deducted in computing adjusted gross income. Following the enactment of section 22(n) of the Internal Revenue Code of 1939, the respondent, by T.D. 5425 (approved

---

[2] S. Rept. No. 885 provides at pp. 24 and 25 in part as follows:

"Subsection (a) of this section amends section 22 of the code by adding subsection (n) thereto for the purpose of defining the new concept 'adjusted gross income,' which is used in determining the tax under supplement T. The tax table provided in section 400 is divided into brackets representing amounts of adjusted gross income. Adjusted gross income also constitutes the base which determines whether the optional standard deduction of $500, as provided in section 9 of the bill, is applicable. The proposed section 22(n) of the code provides that the term 'adjusted gross income' shall mean the gross income computed under section 22 less the sum of the following deductions: (1) Deductions allowed by section 23 of the code, which are attributable to a trade or business carried on by the taxpayer not consisting of services performed as an employee; (2) deductions allowed by section 23 which constitute expenses of travel, meals, and lodging paid or incurred by the taxpayer while away from home in connection with the performance by him of services as an employee; (3) deductions allowed by section 23 (other than expenses of travel, meals, and lodging while away from home) which consist of expenses paid or incurred in connection with the performance of services as an employee under a reimbursement or other expense-allowance arrangement with his employer; * * *

"Fundamentally, the deductions thus permitted to be made from gross income in arriving at adjusted gross income are those which are necessary to make as nearly equivalent as practicable the concept of adjusted gross income, when that concept is applied to different types of taxpayers deriving their income from varying sources. Such equivalence is necessary for equitable application of a mechanical tax table or a standard deduction which does not depend upon the source of income. For example, in the case of an individual merchant or store proprietor, gross income under the law is gross receipts less the cost of goods sold; it is necessary to reduce this amount by the amount of business expenses before it becomes comparable, for the purposes of such a tax table or the standard deduction, to the salary or wages of an employee in the usual case. * * *

"The deductions described in clause (1) above are limited to those which fall within the category of expenses directly incurred in the carrying on of a trade or business. The connection contemplated by the statute is a direct one rather than a remote one. For example, property taxes paid or incurred on real property used in the trade or business will be deductible, *whereas State income taxes, incurred on business profits, would clearly not be deductible for the purpose of computing adjusted gross income.* * * * [Emphasis supplied.]
* * * * * * *
"The only expenses in connection with his employment which are deductible by an employee electing the standard deduction, as distinguished from an individual entrepreneur, are those which he incurs for travel, meals, and lodging while away from home, or those for which he is reimbursed directly by a separate payment by his employer. * * *"

H. Rept. No. 1365 provides at p. 23 in part as follows:
"The connection contemplated in this statute is a direct one rather than a remote one. For example, property taxes paid or incurred on real property used in the trade or business would be deductible, whereas *State income taxes, though incurred as a result of business profits, would not be deductible.* [Emphasis supplied.]"

June 15, 1945), 1945 C.B. 10, 16, amended Regulations 111 by adding section 29.22(n)–1 which provided that State income taxes were not deductible in determining adjusted gross income, even though the taxpayer's income was derived from the conduct of a trade or business. Substantially the same provision was continued in subsequent regulations, including section 1.62–1(d) of the Income Tax Regulations under the Internal Revenue Code of 1954 which provides in part as follows:

To be deductible for the purposes of determining adjusted gross income, expenses must be those directly, and not those merely remotely, connected with the conduct of a trade or business. For example, taxes are deductible in arriving at adjusted gross income only if they constitute expenditures directly attributable to a trade or business or to property from which rents or royalties are derived. Thus, property taxes paid or incurred on real property used in a trade or business are deductible, but State taxes on net income are not deductible even though the taxpayer's income is derived from the conduct of a trade or business.

The Supreme Court has held that in the interpretation of statutes the function of the courts is to construe the language so as to give effect to the intent of Congress and that when aid to the construction of the meaning of words used therein is available resort may be had to such aid, however clear the statutory words may appear (*United States* v. *American Trucking Ass'ns*, 310 U.S. 534); that when Congress by statements made in its committee reports, in anticipation of a particular question, makes its purpose clear, it is proper to rely upon such statements (*Commissioner* v. *Bilder*, 369 U.S. 499); that Treasury regulations constitute contemporaneous constructions of statutes by those charged with the administration thereof which should not be overruled except for weighty reasons, but must be sustained unless unreasonable and plainly inconsistent with the statutes (*Commissioner* v. *South Texas Lumber Co.*, 333 U.S. 496); and that Treasury regulations and interpretations long continued without substantial change applying to unamended or substantially reenacted statutes are deemed to have received congressional approval and have the effect of law (*Helvering* v. *Winmill*, 305 U.S. 79; and *Commissioner* v. *Estate of Marshal L. Noel*, 380 U.S. 678).

The committee reports unmistakably reflect the intention of Congress that State taxes on net income, even though such income is derived from a trade or business, are not to be considered as deductions which "are attributable to a trade or business carried on by the taxpayer" within the meaning of section 22(n)(1) of the 1939 Code, and that they are not to be considered as allowable deductions under that section in computing adjusted gross income. Furthermore, in the light of the regulations under section 22(n)(1) of the 1939 Code, which reflect such intent, Congress reenacted section 22(n)(1) of the 1939 Code as section 62(1) of the 1954 Code. As stated in H. Rept.

No. 1337, 83d Cong., 2d Sess., p. A19, and S. Rept. No. 1622, 83d Cong., 2d Sess., p. 169, such reenactment was made without any substantive change. Accordingly, the regulations under the 1939 Code are deemed to have received congressional approval. We must conclude, therefore, that section 1.62–1(d) of the Income Tax Regulations is a proper interpretation of section 62(1) of the 1954 Code, and that it has the effect of law. It follows that the respondent properly disallowed as a deduction, in computing the petitioner's adjusted gross income, the petitioner's individual West Virginia income tax paid on the income received by him from the partnerships. See *Lutts* v. *United States*, ———F. Supp. ———, in which the District Court for the Southern District of California also held that State income taxes paid on a taxpayer's distributive share of business income from a partnership are not deductible in computing adjusted gross income under section 62(1) of the Internal Revenue Code of 1954.

We have carefully considered the arguments advanced by the petitioner and the authorities cited by him. He cites *James J. Standing*, 28 T.C. 789, affd. (C.A. 4) 259 F. 2d 450, in which it was held that legal and accounting expenses incurred in controversies with respect to Federal individual income tax deficiencies on business income, and interest on such deficiencies, were deductible as ordinary and necessary business expenses under section 23(a) of the Internal Revenue Code of 1939, and were therefore deductible in computing adjusted gross income under section 22(n)(1) of such Code as deductions "attributable to a trade or business carried on by the taxpayer." He also cites *Clyde E. Thomas, Sr.*, 41 T.C. 614, in which it was held that a legal fee paid in connection with the settlement of disputed Federal individual income tax liabilities with respect to business income was deductible in computing adjusted gross income under section 62(1) of the Internal Revenue Code of 1954. He argues that since expenses relating to income tax adjustments or deficiencies are deductible in computing adjusted gross income, then certainly a tax itself based on business income should be so deductible. However, for the reasons set forth hereinabove, we cannot accept this view. As pointed out in *Commissioner* v. *Standing*, (C.A. 4) 259 F. 2d 450, cases decided prior to the enactment of section 22(n) of the 1939 Code established that such expenditures were deductible as ordinary and necessary business expenses. The court reasoned that when Congress enacted section 22(n)(1) with its reference to section 23, it was intended that section 23(a)(1)(A) should continue to mean what the courts had theretofore construed it to mean, since there was no change made in the language of section 23(a)(1)(A). The court concluded that since such expenses were ordinary and necessary business expenses they also constituted deductions which were "attributable to a trade or business carried on by the taxpayer" within the meaning of section

22(n)(1). In reaching its conclusion, the court pointed out that neither the committee reports nor the regulations with respect to section 22(n)(1) specifically mentioned interest on tax deficiencies with respect to business income or legal expenses incurred in contesting such deficiencies. The same cannot be said, of course, with respect to State income taxes. As pointed out hereinabove, both the committee reports and the regulations specifically state that State income taxes, even though incurred as a result of business profits, are not deductible in computing adjusted gross income.

The petitioner also cites *Elmer Reise*, 35 T.C. 571, affd. (C.A. 7) 299 F. 2d 380, in which it was held that, among other items, State individual income taxes on business income constituted ordinary and necessary business expenses which were deductible in computing a net operating loss under section 122 of the Internal Revenue Code of 1939.[3] Section 122(d)(5) of the 1939 Code provides that deductions otherwise allowed by law "not attributable to the operation of a trade or business regularly carried on by the taxpayer" shall be allowed only to the extent of the amount of the gross income not derived from a trade or business. (Section 172(d)(4) of the 1954 Code contains a similar provision.) In the *Reise* case we held that the State individual income taxes did not come within such limitation of section 122(d)(5). The petitioner, in effect, contends that since in the *Reise* case it was held that a State individual income tax was "attributable to the operation of a trade or business regularly carried on by the taxpayer" for the purpose of computing a net operating loss under section 122 of the 1939 Code, such a tax should likewise be considered as "attributable to a trade or business carried on by the taxpayer" for the purpose of computing adjusted gross income under section 22(n)(1) of the 1939 Code and section 62(1) of the 1954 Code. While the petitioner's argument is not without logic, we must reject it in view of what has been said hereinabove. The net operating loss provisions and the provision with regard to the computation of adjusted gross income are not interdependent. As we pointed out in the *Reise* case, the regulations with respect to the net operating loss provisions give no indication as to what deductions allowed by law are to be considered as "attributable to the operation of a trade or business regularly carried on by the taxpayer." It may be further added that the committee reports [4] with respect to section 206(a)(1) of the

---

[3] He also cites *Frank Polk*, 31 T.C. 412, affd. (C.A. 10) 276 F. 2d 601, which held that interest paid on a Federal income tax deficiency is deductible in computing a net operating loss under sec. 122 of the 1939 Code, and *Clarence Wood*, 37 T.C. 70, which held that legal and accounting fees incurred in a controversy over Federal income tax liabilities were deductible in computing a net operating loss under sec. 172 of the Internal Revenue Code of 1954.

[4] H. Rept. No. 179, 68th Cong., 1st Sess., pp. 18–19; S. Rept. No. 398, 68th Cong., 1st Sess., p. 15.

Revenue Bill of 1924, which first incorporated in the net loss provisions the limitation on the allowance of deductions "not attributable to the operation of a trade or business regularly carried on by the taxpayer," are also silent as to what deductions are to be considered as attributable to a trade or business and those to be considered as not so attributable. To repeat, both the committee reports and the regulations provide that State income taxes, even though incurred as a result of business profits, are not deductible in computing adjusted gross income.

*Decision will be entered for the respondent.*