114 T.C. No. 15


UNITED STATES TAX COURT


CHARLES E. AND SHERRIE R. STRANGE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8602-98.                    Filed March 29, 2000.


        Ps paid State nonresident income tax to nine
States on net royalty income derived from their
interests in oil and gas wells located within those
States.  Ps reported all their royalty income on
Schedules E, Supplemental Income and Loss, which they
attached to their Federal income tax returns.  In
calculating their total net royalty income, petitioners
deducted the State income taxes they paid.
Consequently, petitioners deducted the State
nonresident income taxes in computing their adjusted
gross income for the years at issue.
        Held, the addition of sec. 164(a)(3), I.R.C., by
the Revenue Act of 1964, Pub. L. 88-272, sec. 207(a),
78 Stat. 19, 40, did not change the existing law with
respect to the deduction of State income taxes.
        Held, further, State nonresident income taxes are
not "attributable" to property held for the production
of royalties and, therefore, are not deductible under

sec. 62(a)(4), I.R.C., in computing Ps' adjusted gross income.

     Held, further, State nonresident income taxes are not deductible as a trade or business expense under sec. 62(a)(1), I.R.C. Tanner v. Commissioner, 45 T.C. 145 (1965), affd. per curiam 363 F.2d 36 (4th Cir. 1966), followed.


L. Robert LeGoy, Jr. and Kurt O. Hunsberger, for

petitioners.

    Paul L. Dixon, for respondent.


OPINION


    PARR, Judge: Respondent determined deficiencies of $3,955, $5,379, and $3,983 in petitioners' Federal income taxes for the taxable years 1993, 1994, and 1995, respectively. The sole issue for decision is whether State nonresident income taxes paid on net royalty income are deductible for purposes of determining adjusted gross income. We hold they are not.

Background

    This case was submitted fully stipulated under Rule 122.[1] The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years at issue.

Las Vegas, Nevada, at the time they filed their petition in this case.

During the years at issue, petitioners owned interests in oil and gas wells (the properties) located in the States of Alabama, California, Colorado, Louisiana, Michigan, Mississippi, New Mexico, Oklahoma, and Utah (the nine States).

Each of the nine States imposed an income tax on nonresidents who derived income from an income-producing activity within that State. Petitioners received royalties from the properties and paid a nonresident income tax to each State on the net royalty income (gross royalty income minus production taxes, overhead and operating expenses, and allowances for depletion) derived from the properties located only within that State.

Petitioners reported all their royalty income on Schedule E, Supplemental Income and Loss, which they attached to their Federal income tax returns. In calculating their total net royalty income, petitioners deducted the State income taxes they paid in addition to the expenses that they deducted in calculating their State nonresident incomes. Consequently, petitioners deducted the State nonresident income taxes in computing their adjusted gross income for the years at issue. In computing their taxable income, petitioners elected to take the standard deduction allowed by section 63 instead of itemizing their deductions.

## Discussion

Section 164(a)(3) provides inter alia that State income taxes are allowed as a deduction for the taxable year within which they are paid or accrued. This section was added to the Code by the Revenue Act of 1964 (the Act), Pub. L. 88-272, sec. 207(a), 78 Stat. 19, 40. Before the Act, the Code did not specifically list the deductible taxes. Thus, according to petitioners, the preexisting law was changed by the Act to provide "unequivocally" for the deduction of the State income taxes for the purpose of calculating adjusted gross income, and, when read together, sections 62(a)(4) and 164(a)(3) "specifically provide that state [sic] income taxes attributable to property held for the production of royalties are deductible from an individual's gross income to compute the individual's adjusted gross income." We disagree.

The general rule under the law before the Act was that State and local income taxes paid or accrued by an individual were deductible as itemized deductions for Federal income tax purposes. See H. Rept. 749, 88th Cong., 1st Sess. (1963), 1964-1 C.B. (Part 2) 125, 171-172. The Act specifically provides for the continued deductibility of State and local income taxes in this manner, while, in the interest of tax equity and ease of compliance, denying the deduction of certain other taxes, devoting any revenue gain from the denial of those other

deductions to further tax rate reductions.  See id., 1964-1 C.B. (Part 2) at 173-174.  Accordingly, the Act did not change the existing law with respect to the deduction of State income taxes.

Section 62(a)(4) provides that, in the case of an individual, the term "adjusted gross income" means gross income minus, inter alia, the deductions allowed by part VI (section 161 and following), which are attributable to property held for the production of rents or royalties.  See also sec. 1.62-1T(c)(5), Temporary Income Tax Regs., 53 Fed. Reg. 9873 (Mar. 28, 1988) (same); sec. 1.62-1T(d), Temporary Income Tax Regs., 53 Fed. Reg. 9874 (Mar. 28, 1988) (taxes are deductible in arriving at adjusted gross income only if they constitute expenditures directly attributable to a trade or business or to property from which rents or royalties are derived).  Petitioners contend that the State nonresident income taxes they paid were "attributable to" property held for the production of royalties and are, therefore, deductible in computing adjusted gross income.  We disagree.

The concept of adjusted gross income was first incorporated by Congress into the 1939 Code by adding subsection (n) to section 22, I.R.C. 1939, in the Individual Income Tax Act of 1944, ch. 210, sec. 8(a), 58 Stat. 231, 235.[2]  See S. Rept. 885,

---

[2]Par. (4) of sec. 22(n), I.R.C. 1939, provided that the term "adjusted gross income" means gross income minus the deductions
(continued...)

78th Cong., 2d Sess. 24-25 (1944), 1944 C.B. 858, 877.  The

legislative history to section 22(n), I.R.C. 1939, states:

> The proposed section 22(n) of the Code provides that
> the term "adjusted gross income" shall mean the gross
> income computed under section 22 less the sum of the
> following deductions:  (1) Deductions allowed by
> section 23 of the Code, which are attributable to a
> trade or business carried on by the taxpayer not
> consisting of services performed as an employee; * * *
> (4) deductions allowed by section 23 which are
> attributable to rents and royalties; * * *
>
>      *    *    *    *    *    *    *
>
>     The deductions described in clause (1) above are
> limited to those which fall within the category of
> expenses directly incurred in the carrying on of a
> trade or business.  <u>The connection contemplated by the
> statute is a direct one rather than a remote one.  For
> example, property taxes paid or incurred on real
> property used in the trade or business will be
> deductible, whereas State income taxes, incurred on
> business profits, would clearly not be deductible for
> the purpose of computing adjusted gross income.
> Similarly, with respect to the deductions described in
> clause (4), the term "attributable" shall be taken in
> its restricted sense; only such deductions as are, in
> the accounting sense, deemed to be expenses directly
> incurred in the rental of property or in the production
> of royalties.</u>  * * *  [S. Rept. 885, <u>supra</u>, 1944 C.B.
> at 877-878; emphasis added.]

See also H. Rept. 1365, 78th Cong., 2d Sess. (1944), 1944 C.B.

821, 839.

The State nonresident income taxes were imposed upon

---

    [2](...continued)
(other than those provided in pars. (1) for trade and business
deductions, (5) for certain deductions of life tenants and income
beneficiaries of property, or (6) for losses from sales or
exchange of property) allowed by sec. 23 which are attributable
to property held for the production of rents or royalties.

petitioners' net royalty income, not upon property held for the production of royalties.  Moreover, as the State income taxes were imposed on petitioners' net royalty income, the State income taxes were not an expense directly incurred in the production of that income.  See, e.g., Bulloch, Accountants' Cost Handbook 1.9 (3d ed. 1983) (expenses are expired costs that were used to produce revenue).  Accordingly, we find that the State nonresident income taxes paid by petitioners are not attributable to property held for the production of royalties.

Furthermore, we find that the taxes are not otherwise deductible as a trade or business expense in computing petitioners' adjusted gross income.  Section 1.62-1T(d), Temporary Income Tax Regs., supra, provides that to be deductible for the purposes of determining adjusted gross income, expenses must be those directly, and not those merely remotely, connected with the conduct of a trade or business.

> For example, taxes are deductible in arriving at adjusted gross income only if they constitute expenditures directly attributable to a trade or business or to property from which rents or royalties are derived.  Thus, property taxes paid or incurred on real property used in a trade or business are deductible, but state taxes on net income are not deductible even though the taxpayer's income is derived from the conduct of a trade or business.  [Id.]

The committee reports and the regulations specifically state that State taxes on net income are not deductible for the purpose

of computing adjusted gross income.[3]  Finally, in Tanner v. Commissioner, 45 T.C. 145 (1965), affd. per curiam 363 F.2d 36 (4th Cir. 1966), we held that a taxpayer is not entitled to deduct, in computing his adjusted gross income, the State income tax he paid on income he received as his share of the net business income derived from certain partnerships.[4]  See also Lutts v. United States, 15 AFTR 2d 702, 65-1 USTC par. 9313 (S.D. Cal. 1965).

In the instant case, petitioners paid State nonresident income taxes on their net royalty income, which derived from their interests in oil and gas wells; the State income taxes were not expenses attributable to property held for the production of royalties or expenses directly incurred in the production of royalties.  Accordingly, we hold that the State nonresident income taxes paid by petitioners are not deductible for the

---

[3]Following the enactment of sec. 22(n), I.R.C. 1939, the Commissioner amended Regulations 111 by adding sec. 29.22(n)-1, which provided that State income taxes were not deductible in determining adjusted gross income, even though the taxpayer's income was derived from the conduct of a trade or business.  See T.D. 5425, 1945 C.B. 10, 16.

[4]In Tanner v. Commissioner, 45 T.C. 145 (1965), affd. per curiam 363 F.2d 36 (4th Cir. 1966), the issue was decided pursuant to the provisions of sec. 62(1), I.R.C. 1954 (as amended).  The provisions of sec. 62 of the 1954 Code are substantially the same as the provisions of sec. 22(n) of the 1939 Code.  See id. at 147.  Furthermore, sec. 62(a)(4), which is in effect for the taxable years at issue, is the same as sec. 62(5), I.R.C. 1954 (as amended).

purpose of computing adjusted gross income.[5]

In reaching our holdings herein, we have considered each argument made by the parties and, to the extent not discussed above, find those arguments to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

---

[5]In this case, if petitioners had not elected to take the standard deduction, the State income taxes that petitioners paid would be deductible from their adjusted gross income as an itemized deduction, see secs. 63, 161, subject to the limitation imposed by sec. 68.