FRANK POLK AND MARIE POLK, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65082.   Filed November 18, 1958.

*Ranel Hanson, Esq.*, for the petitioners.
*J. C. Linge, Esq.*, for the respondent.

FISHER, *Judge:* The respondent determined a deficiency in income tax for the taxable year 1953 of Frank and Marie Polk in the amount of $15,599.30. Issues involving medical expenses, taxability of patronage dividends, and the amount of a net operating loss carryback from the year 1955 have been disposed of by stipulation. The only remaining issue presented by the pleadings is whether interest paid on a deficiency in income tax for the year 1948 is deductible as a business expense in the computation of a net operating loss carryover to the year 1953 under section 122 (d) of the Code of 1939.[1]

### FINDINGS OF FACT.

Some of the facts have been stipulated and to the extent so stipulated are incorporated herein by reference.

Petitioners are husband and wife. They filed joint individual income tax returns for the taxable years 1951, 1952, 1953, and 1955 with the appropriate office of the Internal Revenue Service at Oklahoma City, Oklahoma.

During the period of time pertinent to the issue presented, Frank Polk (hereinafter referred to as petitioner) was engaged in the business of raising and producing livestock.

The petitioner's joint income tax return for the taxable year 1953 reported income tax, exclusive of self-employment tax, of $4,578.24.

On August 21, 1956, petitioner filed a claim for refund of income taxes assessed for 1953 in the amount of $4,578.24, based on a net operating loss carryback from the year 1955. The amount of the net operating loss carryback from 1955 available to petitioner for 1953 is $131,807.61.

In their return filed for the year 1953, petitioners claimed a net operating loss carryover from the year 1952 in the amount of $40,763.44.

Respondent, in his statutory notice of deficiency, determined that the net operating loss carryover allowable as a deduction to petitioner in 1953 should be $11,033, computed as follows:

Net operating loss deduction claimed in return_____ $40,763.44
Less:
 Interest paid on personal income tax deficiency and deducted in the
  return filed for the year 1952_____ 29,730.44

Net operating loss as determined by the notice of deficiency_____ 11,033.00

In computing adjusted gross income for the year 1952, petitioner deducted as interest expense the amount of $54,133.95. Included in the

---

[1] All references are to the Code of 1939.

interest expense, claimed by petitioner as a deduction for the year 1952, is the amount of $29,730.44 which represents interest paid on an income tax deficiency arising in a prior year, and is the amount above referred to and disallowed by respondent in determining the net operating loss carryover to 1953.

In computing net income in the return filed for the year 1952, petitioner reported no nonbusiness income.

For the taxable year 1948, an income tax deficiency was assessed against petitioner on November 16, 1951, in the amount of $184,214.70. The deficiency resulted from respondent's revaluation of petitioner's livestock inventories.

The additional tax assessed for the year 1948, and interest thereon, was paid or credited as follows:

| Date | Credited or paid | Amount |
| --- | --- | --- |
| Dec. 3, 1951—Credit for overpayment of 1947 tax | | $10, 593. 29 |
| Dec. 3, 1951—Credit for overpayment of 1947 tax | | 13, 905. 02 |
| Dec. 3, 1951—Credit for overpayment of 1949 tax | | 9, 776. 82 |
| Dec. 12, 1951—By transfer | | 8. 32 |
| Dec. 20, 1951—Cash payment | | 70, 000. 00 |
| Jan. 22, 1952—Cash payment | | 35, 000. 00 |
| Feb. 20, 1952—Cash payment | | 74, 661. 69 |
| Total tax and interest paid or credited | | 213, 945. 14 |

The total tax and interest paid or credited is summarized as follows:

| | | |
| --- | --- | --- |
| Taxes assessed | | $184, 214. 70 |
| Deficiency interest to date of assessment | | 27, 965. 30 |
| Interest accrued and paid after assessment | | 1, 765. 14 |
| Total | | 213, 945. 14 |

The amount of $29,730.44 representing interest paid by petitioner on his 1948 income tax deficiency arose out of and was proximately related to the carrying on of his business, and was an ordinary and necessary expense of carrying on said business.

### OPINION.

The basic issue presented is whether, upon the facts here presented, interest paid on an income tax deficiency is deductible as an ordinary and necessary expense paid or incurred in the carrying on of petitioner's trade or business.

The parties have stipulated, and we have found as a fact, that the deficiency in petitioner's income tax determined for 1948 was occasioned by respondent's revaluation of Polk's livestock inventory. We have also found as a fact that during all of the periods of time pertinent to this case, petitioner was engaged in the business of raising and producing livestock. We think it is clear that the deficiency assessed

by respondent in 1948 arose in connection with petitioner's business, and was proximately related thereto, and that the same must be said of the interest paid thereon.

We think the instant case is clearly controlled by our Opinion in *James J. Standing*, 28 T. C. 789 (1957), affd. 259 F. 2d 450 (C. A. 4, 1958), in which the facts are identical in principle with those in the instant case. It follows that the interest paid on the deficiency in the instant case is properly deductible as an ordinary and necessary expense of a business regularly carried on, and is to be taken into account in determining the net operating loss carryover to 1953.

Respondent relies upon the earlier case of *Guignard Maxcy*, 26 T. C. 526 (1956). The Opinion in that case includes the following (p. 527) : "The burden is on petitioner to demonstrate the clear allowability of the deduction. This burden he has failed to carry."

In the instant case, however, as in *Standing*, *supra*, petitioner's burden is clearly and fully met. We have carefully reexamined the problem, and we see no occasion to depart from the reasoning and principles established by the Court of Appeals for the Fourth Circuit, and by this Court, in *Standing*.

Petitioner, in his opening statement, and on brief, raises a question relating to the proper year to which payment of part of the interest on the 1948 deficiency is to be attributed. The issue is not raised by the pleadings, and petitioner has presented no motion to amend the pleadings or proposed amendment thereof. Under the circumstances, the issue is not before us. *Lynne Gregg*, 18 T. C. 291, 303 (1952), affirmed per curiam 203 F. 2d 954 (C. A. 3, 1953) ; *Estate of Ostella Carruth*, 28 T. C. 871, 872 (1957).

All issues other than those herein considered have been resolved by stipulation of the parties.

*Decision will be entered under Rule 50.*