**R & H CORPORATION, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 65–164.**

United States District Court
W. D. Pennsylvania.

May 13, 1966.

Marvin S. Lieber, Berkman, Ruslander, Lieber & Engel, Pittsburgh, Pa., for plaintiff.

Edward J. Snyder, Dept. of Justice, Washington, D. C., for defendant.

JOHN L. MILLER, District Judge.

This action arises under the Internal Revenue Code, 26 U.S.C. § 7422, and is to recover withholding taxes imposed under Chapter 24 of the Code, 26 U.S.C. §§ 3401–3404, and Federal Insurance Contribution Act (FICA) taxes imposed under Chapter 21 of the Code, 26 U.S.C. §§ 3101–3125, assessed, taxed and collected for plaintiff's fiscal periods April 1, 1956 to December 31, 1956; January 1, 1957 to December 31, 1957; January 1, 1958 to December 31, 1958; and January 1, 1959 to June 30, 1959.

FINDINGS OF FACT

1. Plaintiff is a corporation duly organized and existing under and by virtue of the laws of the State of Delaware and is registered to do business in the Commonwealth of Pennsylvania, with its principal office and place of business at 170 Grand Avenue, Clarion, Pennsylvania.

2. Plaintiff timely filed in the office of the District Director of Internal Revenue at Pittsburgh, Pennsylvania, its Federal withholding and FICA tax returns for the periods April 1, 1956 to December 31, 1956; January 1, 1957 to December 31, 1957; January 1, 1958 to December 31, 1958; and January 1, 1959 to June 30, 1959. Plaintiff paid the taxes shown thereon to be due in the amount of $117,506.76.

3. The Commissioner of Internal Revenue, upon auditing these returns, determined that amounts paid for City Men in New York City were subject to

withholding and FICA taxes. By giving effect to these adjustments, the Commissioner assessed deficiencies on April 29, 1960, as follows:

April 1, 1956 to December 31, 1956 ......................$ 457.52
January 1, 1957 to December 31, 1957 ..................... 955.04
January 1, 1958 to December 31, 1958 .................... 1612.47
January 1, 1959 to June 30, 1959 ......................... 737.05

Total tax due .........................................$3762.08
Total interest due to April 29, 1960 ......................$ 447.01

4. On June 20, 1960, plaintiff paid the tax deficiencies amounting to $3,762.08, together with interest claimed to date of payment in the sum of $475.21.

5. On June 20, 1962, plaintiff filed with the District Director of Internal Revenue at Pittsburgh, Pennsylvania, four claims for refund of the amounts paid as set forth in Finding of Fact No. 4 above.

6. The Commissioner of Internal Revenue rejected plaintiff's claims for refund in full and plaintiff was notified of the disallowance by notices dated April 22, 1963. This action was timely filed on February 16, 1965.

7. During the period involved, plaintiff was an interstate trucker, and, as part of its business, delivered boxed glassware under contract to various consignees in the New York City area.

8. Pursuant to a labor practice beginning in early 1955 and ending in late 1959 or early 1960, plaintiff used unloaders or City Men to unload its trucks in the New York City area. These men were obtained through an oral agreement with Fred Kolb, a labor procurer.

9. Each of plaintiff's drivers, upon arrival in New York City, would telephone Fred Kolb to inform him of the destination of the shipment. Mr. Kolb would then have an unloader meet plaintiff's truck at the destination. The drivers never knew the identity of the City Man until he arrived at consignee's dock, although normally the same few men were assigned to plaintiff's trucks.

10. The job of the City Men was to unload plaintiff's trucks at the consignee's dock; they never drove plaintiff's trucks nor performed any other duties for plaintiff. The driver usually moved the goods from the front to the rear or tailgate of the truck; from that point the truck would be unloaded by the City Man.

11. The truck driver did not direct the City Man in unloading the truck. Whatever direction was given him as to the placing of goods was given by the consignee's personnel. Likewise whatever equipment the City Men used in unloading the trucks was provided by the consignee and not by plaintiff.

12. Plaintiff's drivers never directly hired or dismissed a City Man; nor could plaintiff's drivers reprimand a City Man for improperly unloading a truck; that was done only by Mr. Kolb when contacted by the drivers.

13. Neither plaintiff nor its drivers ever paid the City Men directly for their work. Fred Kolb submitted to plaintiff a weekly report of work performed by the men furnished by him. Plaintiff then paid Mr. Kolb the amounts due for the work performed at an agreed rate based upon an eight-hour day.

14. The City Men were not employees of plaintiff, but were rather employed by Fred Kolb, an independent labor procurer.

## DISCUSSION

This is an action for the refund of federal withholding and social security taxes paid for the period from April 1, 1956, through June 30, 1959. The issue presented by it is whether the Commissioner of Internal Revenue correctly de-

termined that certain workers were plaintiff's employees and hence plaintiff was liable for taxes under the Federal Insurance Contributions Act and withholding tax provision pursuant to the Internal Revenue Code, 26 U.S.C. §§ 3101–3125 and 3401–3404.

Plaintiff was an interstate trucker which regularly delivered boxed glassware in the New York City area. Beginning in early 1955, a practice was prevalent in the New York area, whereby plaintiff was required to use local men, who were known as City Men, to unload its trucks. Plaintiff entered into an oral agreement with Fred Kolb, a labor procurer in New York, to provide City Men to unload its trucks.

Plaintiff's truck drivers would contact Mr. Kolb after arriving in New York. They never requested a particular man nor knew who would be assigned until he reported to the consignee's dock. The City Man's only function was to unload the boxes of glassware from the rear of the truck and place them on the consignee's dock. Plaintiff's drivers did not direct the unloaders; such directions as they received came from consignee's personnel. Plaintiff's drivers did move the boxes from the front to the back of the truck so that they would be sitting near the tailgate ready for unloading.

Plaintiff's drivers did not attempt to correct or discipline a man who might be performing his tasks improperly. All such cases were to be referred to Mr. Kolb. Plaintiff did not pay the City Men, but rather paid Fred Kolb for the men he provided based on an agreed rate. Plaintiff never provided any tools or equipment for their work. Such equipment as the City Men needed was provided by the consignee.

An "employee" is defined in the Code, 26 U.S.C. § 3121(d) (2) as:

"any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; * * *."

The determination of one's status as an employee is one of fact. McGuire v. United States, 349 F.2d 644 (9 Cir. 1965); Service Trucking Co., Inc. v. United States, 347 F.2d 671 (4 Cir. 1965). The factors to be considered in determining one's status as an employee are set forth in Bonney Motor Express, Inc. v. United States, 206 F.Supp. 22 (E.D.Va.1962) and Restatement, Agency 2d, § 220.

"Generally, right to control and direct the specific manner in which an individual works toward the desired end product of his work is the fundamental element of the employee-employer relationship; but where doubt exists as to the nature of the relationship, courts must look to the particular facts of each case. The total situation of the parties is controlling." McGuire v. United States, supra, 349 F.2d 646. An examination of the facts in the instant case reveals that the City Men were directed and controlled by Fred Kolb and not by plaintiff. Mr. Kolb, not plaintiff, hired and assigned them to their work. Mr. Kolb, not plaintiff, was to correct or reprimand them for improper work. Mr. Kolb paid the City Men after plaintiff paid him for securing the unloaders.

It is true that the "right" to control and not the "need" to control is decisive in these cases. It is also true that such work as the City Men were doing here requires little supervision. Nevertheless, "[t]he absence of any evidence of actual control may properly be considered in determining the existence of the right to control." Bonney Motor Express, Inc. v. United States, supra, 206 F.Supp. 28. In the instant case, not only is there a lack of evidence of actual control, but also there is ample evidence that plaintiff's drivers were not the ones who had the right to direct or control the City Men.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and of the subject matter under 28 U.S.C. § 1346(a) (1).

2. Plaintiff is not liable for the payment of the taxes required to be deducted and withheld from the wages of the City Men under Chapter 24 of the Internal Revenue Code, 26 U.S.C. §§ 3401–3404, and Chapter 21 of the Internal Revenue Code, 26 U.S.C. §§ 3101–3125.

3. Plaintiff is entitled to recover from defendant taxes erroneously and illegally assessed and collected for the periods April 1, 1956 to December 31, 1956; January 1, 1957 to December 31, 1957; January 1, 1958 to December 31, 1958; and January 1, 1959 to June 30, 1959, as well as $475.21 interest paid on June 20, 1960, and interest accrued from that date.

An appropriate order will be entered.