**David MILLER and Valeria Miller, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. A3–92–183.**

United States District Court,
D. North Dakota,
Southeastern Division.

Nov. 4, 1993.

Pearson, Christensen, Larivee & Fischer, Garry A. Pearson, Grand Forks, ND, for plaintiffs.

Gary Annear, U.S. Atty., and Thomas V. Linguanti, Trial Atty., Tax Div., U.S. Dept. of Justice, for defendant.

### *ORDER*

GOLDBERG, Judge:[1]

This tax refund suit to recover alleged overpayments of federal income taxes and

---

1. Richard W. Goldberg, Judge, U.S. Court of International Trade, sitting by designation.

assessed interest paid comes before the court on plaintiffs' motion for summary judgment and defendant's cross-motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.").

Plaintiffs challenge the Government's implementation of the Internal Revenue Code's ("Code") provision disallowing the deduction of personal interest. I.R.C. § 163(h)(2)(A). Treasury regulations define "personal interest" to include interest on an individual's income tax deficiency, even when the underlying income is derived from a trade or business. Temp.Treas.Reg. § 1.163–9T(b)(2)(i) (1987).

Plaintiffs claim that such deficiency interest may be deducted pursuant to I.R.C. § 162 and § 62(a)(1) as an "ordinary and necessary" business expense for the purpose of calculating adjusted gross income.

Defendant contends that interest which results from late payment of an individual's income tax liability is personal interest within the meaning of I.R.C. § 163(h)(2)(A), and is not deductible. Alternatively, defendant argues that if it does not prevail in its primary claim, the case must proceed to trial because plaintiffs have not alleged facts to demonstrate that their additional income tax liability and the interest they paid thereon were "ordinary and necessary" business expenses under I.R.C. § 162. In the event the court finds that plaintiffs have alleged facts sufficient to support their motion, defendant asks that the court grant the Government 90 days in which to complete discovery and an additional 30 days in which to respond to plaintiffs' motion under Rule 56(f) of the Fed. R.Civ.P.

The court has jurisdiction pursuant to 28 U.S.C. § 1346(a) (1988) and I.R.C. § 7422. Plaintiffs' motion for hearing on oral argument was granted, and oral argument was heard on July 27, 1993.

The issue presented for review is a question of statutory construction. The court must decide whether the Internal Revenue Code treats interest on an individual's income tax deficiency—when the individual's income is derived from a trade or business—as a non-deductible "personal expense" under I.R.C. § 163(h)(2)(A) as argued by defendant, or as a business expense that is deductible pursuant to I.R.C. § 162 and § 62(a)(1) as argued by plaintiffs.

Finally, if such interest is found to be deductible as a business expense under I.R.C. § 162 and § 62(a)(1), the court must determine if plaintiffs have demonstrated that the interest they paid on their federal and state income tax deficiencies in fact was an "ordinary and necessary" business expense as required under I.R.C. § 162.

Upon consideration of the pleadings, affidavits, memoranda and oral argument, the court concludes that the Government's construction of the term "personal interest" as defined in Temp.Treas.Reg. § 1.163–9T (1987), to include interest on income tax deficiencies arising from the conduct of a business or trade, is unreasonable and therefore invalid. Additionally, pursuant to Rule 56(f) of the Fed.R.Civ.P., the court grants a 90 day continuance in which to complete discovery and an additional 30 days for defendant to respond to plaintiffs' motion.

### Facts

On March 6, 1989, plaintiffs filed a joint individual federal income tax return for 1988. Along with this return, they provided a Schedule F–Farm Income and Expenses, which is used by individual farmers to report their annual net profit or loss from their business. Plaintiffs' Brief in Support of A Motion for Summary Judgment and all attachments thereto ("Pls.' Br.") at 2; Government Exhibit ("Def. Ex.") 1, Certificate of Assessments and Payments for David and Valeria Miller.

On the Schedule F, plaintiffs reported $367,332 in interest expenses which they paid in connection with federal and state individual income tax deficiencies assessed against them for the 1982 and 1983 tax years. Pls.' Br. at 2–3.

The Government disallowed the interest expense deduction taken on the Schedule F on the grounds that it was a personal expense under I.R.C. § 163(h). Brief in Sup-

port of the United States' Motion for Summary Judgment and in Opposition to the Plaintiffs' Motion ("Def's. Br.") at 2.

Based upon this adjustment, the government assessed an additional federal income tax deficiency against plaintiffs in the amount of $61,709 plus interest, which amount plaintiffs are requesting be refunded. Def. Ex. 1; Complaint, ¶¶ 3, 4, 5, & 6.

### Standard of Review

Rule 56 of the Fed.R.Civ.P. provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–252, 106 S.Ct. 2505, 2511–2512, 91 L.Ed.2d 202 (1986).

### Discussion

■ Prior to the 1986 Tax Reform Act, courts consistently held that a noncorporate taxpayer could deduct tax deficiency interest arising from business income when computing adjusted gross income ("AGI"). I.R.C. § 62(a)(1) defines AGI:

**(a) General rule**

For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions:

**(1) Trade and business deductions**

The deductions allowed by this chapter (other than by part VII of this subchapter) which are attributable to a trade or business carried on by the taxpayer, if such trade or business does not consist of the performance of services by the taxpayer as an employee.

I.R.C. § 162 goes on to define which expenses may be attributed to a trade or business. According to I.R.C. § 162, such an expense must be an "ordinary and necessary" business expense in order to qualify for the exemption.

In *Commissioner v. Standing,* 259 F.2d 450 (4th Cir.1958), both the Tax Court and the Fourth Circuit rejected the Internal Revenue Service's ("IRS") position that regardless of the source of income, interest on income tax deficiencies was nondeductible in calculating AGI. In *Standing,* the sole proprietor of two businesses incurred both interest and litigation expenses with respect to federal income tax deficiencies based exclusively on adjustments to his business income. The court held that the deficiency interest in question was fully deductible as an ordinary and necessary business expense in computing AGI. *See also Tanner v. Commissioner,* 45 T.C. 145, 1965 WL 1300 (1965), *aff'd,* 363 F.2d 36 (4th Cir.1966).

The provision which is in dispute, I.R.C. § 163(h), was enacted by Congress as part of the Tax Reform Act of 1986. It states:

**(h) Disallowance of deduction for personal interest**

**(1) In general**

In the case of a taxpayer other than a corporation, no deduction shall be allowed under this chapter for personal interest paid or accrued during the taxable year.

**(2) Personal interest**

For purposes of this subsection, the term "personal interest" means any interest allowable as a deduction under this chapter other than—

(A) interest paid or accrued on indebtedness properly allocable to a trade or business ....

I.R.C. § 163(h).

In 1987, the IRS issued temporary regulations implementing the provisions of the Code disallowing the deduction of personal interest. I.R.C. § 163(h)(2)(A). These temporary regulations set forth criteria for de-

termining when interest relating to taxes is personal interest.

### § 1.163–9T Personal interest (temporary).

(b) *Personal interest—*

.     .     .     .     .

(2) *Interest relating to taxes—(i) In general.* Except as provided in paragraph (b)(2)(iii) of this section, personal interest includes interest—

(A) Paid on underpayments of individual Federal, State or local income taxes and on indebtedness used to pay such taxes (within the meaning of § 1.168–8T), regardless of the source of the income generating the tax liability; ...

Thus, Temp.Treas.Reg. § 1.163–9T(b)(2)(i) (1987) disallows the deduction of interest paid on individual income taxes even when the source of income is a business or trade. Not included in the definition of personal interest is deficiency interest on taxes other than income taxes, *i.e.* sales and excise taxes, and taxes arising from a corporation's liability. The regulation states that "[p]ersonal interest does not include interest ... [p]aid with respect to sales, excise and similar taxes that are incurred in connection with a trade or business or an investment activity...." Temp.Treas.Reg. § 1.163–9T(b)(2)(iii) (1987).

In support of their contention, plaintiffs argue that the plain language of I.R.C. § 163(h)(2)(A) and relevant legislative history show that Congress, in enacting I.R.C. § 163(h), did not intend to change consistent caselaw holding that such interest expenses are deductible as ordinary and necessary business expenses under I.R.C. § 62(a) and § 162. Based on this construction of the Code, plaintiffs claim that Temp.Treas.Reg. § 1.163–9T (1987) lacks authority and is consequently invalid.

Contrary to plaintiffs contention, defendant argues that I.R.C. § 163(h)(2)(A) clearly treats plaintiffs' interest expense as non-deductible "personal interest." Defendant asserts that according to the plain language of the statute, the test for determining personal interest is whether the interest is incurred on a business debt. An income tax deficiency is not a business debt, but a personal debt.

Defendant argues that this reading of the statute is supported by relevant legislative history. Def's.Br. at 17. In light of such clear intent, Congress cannot be presumed to have approved of judicial construction of the statute which dates prior to the addition of I.R.C. § 163(h)(2)(A) in 1986. Defendant concludes that the IRS correctly promulgated Temp.Treas.Reg. 1.163–9T (1987) to implement the plain language of I.R.C. § 163(h)(2)(A) and clear Congressional intent.

In reviewing the various arguments presented, the court begins its inquiry into the meaning of I.R.C. § 163(h) by examining the language of the Code itself. *Bank of Clearwater v. United States,* 7 Cl.Ct. 289, 293 (1985) (citing *St. Paul Fire & Marine Insurance Co. v. Barry,* 438 U.S. 531, 541, 98 S.Ct. 2923, 2929, 57 L.Ed.2d 932 (1978)). Turning to the Code, the court first notes that I.R.C. § 163(h)(2)(A) generally disallows any deduction for personal interest paid or accrued by a noncorporate taxpayer. For this purpose, personal interest is defined as any interest, with specified exceptions. One exception is interest on debt allocable to a trade or business. Section 163(h) thus expressly exempts trade or business interest from the general disallowance rule. The provision, however, does not provide a definition of what constitutes a business interest.

■ In cases such as this where the statutory language is vague, the implementing agency is meant to exercise its discretion. The agency's discretionary power is, however, not unlimited, but must be exercised within certain bounds. The court notes that the United States Supreme Court has articulated a clear standard by which to judge an agency's discretionary actions—the standard of reasonableness. Specifically, the Supreme Court has found that a "challenged [r]egulation is not a reasonable statutory interpretation unless it harmonizes with the statute's 'origin and purpose.'" *United States v. Vogel Fertilizer Co.,* 455 U.S. 16, 26, 102 S.Ct. 821, 828, 70 L.Ed.2d 792 (1982) (citation omitted). Consequently, in the case at bar, the court must determine whether the statutory interpretation implemented in Temp. Treas.Reg. § 1.163–9T (1987) harmonizes

with the "origin and purpose" of the Code, specifically I.R.C. 163(h)(2)(A). If that is not the case, the regulation must be held invalid under *Vogel.*

Turning once again to the language of the statute, the court notes that the broad language used in I.R.C. § 163(h)(2)(A) regarding exemptions for business interest closely tracks the language of I.R.C. § 62(a)(1) and § 162, provisions that were not amended in 1986. As discussed above, courts have consistently held deficiency interest on personal income incurred in connection with the taxpayer's conduct of a trade or business to be deductible under I.R.C. § 162 and § 62(a). *Standing,* 259 F.2d at 456; *Estate of Broadhead v. Commissioner,* 25 T.C.M. (CCH) 133, 1966 WL 1073 (1966), *aff'd,* 391 F.2d 841 (5th Cir.1968); *cf. Tanner v. Commissioner,* 45 T.C. 145, 1965 WL 1300 (1965), *aff'd,* 363 F.2d 36 (4th Cir.1966).

█ The courts have long given effect to the doctrine that, absent evidence of a contrary Congressional intent, the legislature is presumed to have approved of a statute's judicial construction when that provision is reenacted in the same or substantially the same language. *St. Paul Fire & Marine Insurance Co. v. Barry,* 438 U.S. 531, 541, 98 S.Ct. 2923, 2929, 57 L.Ed.2d 932 (1978). A review of the legislative history of the 1986 Tax Reform Act shows that it is silent on the specific issue of deductibility of deficiency interest derived from business income. The *Conference Report on the Tax Reform Act of 1986* merely states that "[p]ersonal interest also *generally* includes interest on tax deficiencies." H.R.Conf.Rep. No. 841, 99th Cong., 2d Sess. II–154, U.S.Code Cong. & Admin.News 1986, pp. 4075, 4242 (1986) (emphasis added). The court agrees with plaintiffs that there would be no need for the word "generally" if all interest on tax deficiencies is personal interest. Pls.' Br. at 6–7.

█ The only clear Congressional expression concerning whether "personal interest" includes interest on an individual's income tax deficiency, regardless of the source of income, is found in the *General Explanation of the Tax Reform Act of 1986* ("*Blue Book*"), prepared by the staff of Congress' Joint Committee on Taxation subsequent to

the Act's enactment. The *Blue Book* states that

> [p]ersonal interest also includes interest on underpayments of individual Federal, State or local income taxes notwithstanding that all or a portion of the income may have arisen in a trade or business, because such taxes are not considered derived from the conduct of a trade or business.

> .    .    .    .    .

> Personal interest does not include interest on taxes, other than income taxes, that are incurred in connection with a trade or business. . . .

Staff of the Joint Committee on Taxation, 99th Cong., 2d Sess., *General Explanation of the Tax Reform Act of 1986,* 266 & n. 60 (Comm.Print 1987). Thus, the *Blue Book* deems such interest to be personal interest and therefore nondeductible. Post-enactment explanations such as those prepared by the Joint Committee's staff do not, however, rise to the level of legislative history in their persuasiveness. *See United States v. Price,* 361 U.S. 304, 313, 80 S.Ct. 326, 332, 4 L.Ed.2d 334 (1960); *Bank of Clearwater v. United States,* 7 Cl.Ct. 289, 294 (1985); *Lutheran Mutual Life Insurance Co. v. United States,* 602 F.2d 328 (Ct.Cl.1979).

Finally, the court notes that plaintiffs have presented a recent article written by two tax law experts, in support of their position. David R. Brennan and Susan L. Megaard, *Deducting Interest on Noncorporate Trade or Business Tax Deficiencies: Uncertainty Exists Under the New Temporary Regulations,* Rev. Tax'n Individuals 22 (1989). The authors argue that the *Blue Book's* explanation goes beyond both the statutory limits of I.R.C. § 163(h)(2)(A) and the language of the Committee Reports to the 1986 Tax Reform Act. They contend that where deficiency interest is incurred in connection with the conduct of a trade or business both the language of I.R.C. § 163(h)(2)(A) and the relevant legislative history expressly exempt such interest from the disallowance rule.

█ Consequently, based upon the language of § 163(h)(2)(A), relevant legislative history, caselaw, and learned writings, this

court finds that Congress' principal purpose in enacting I.R.C. § 163(h)(2)(A) was to disallow a noncorporate taxpayer's deduction of nonbusiness interest payments. Congress did not intend to change consistent caselaw holding that deficiency interest incurred in connection with the conduct of a trade or business is deductible pursuant to I.R.C. § 162 and § 62(a), to the extent that such interest can be characterized as an ordinary and necessary business expense. Accordingly, this court holds as a matter of law that the agency's construction of the term "personal interest" in I.R.C. § 163(h)(2)(A), to include interest on income tax deficiencies derived from business income, is overly broad. The IRS's implementing regulation is therefore invalid on this point.

The court notes that plaintiffs have submitted an affidavit in which they specifically identify the portion of the total deficiency and related interest expense attributable to business adjustments. Defendant has failed to set forth specific facts showing that there is a genuine issue for trial, as required under Rule 56(e) of the Fed.R.Civ.P. Instead, defendant has filed an affidavit pursuant to Rule 56(f) of the Fed.R.Civ.P., stating that defendant has been unable to present a response setting forth specific facts as required under Rule 56(e) because neither party has proceeded with any discovery. Moreover, defendant has requested, but not yet received, the Internal Revenue Service administrative files relating to plaintiffs' 1982 and 1983 federal income tax liabilities; these liabilities caused the interest expense at issue in this case. Accordingly, defendant is unable to present facts essential to justify its opposition to plaintiffs' motion for summary judgment. Specifically, discovery is needed in order to determine whether the interest expense plaintiffs paid or incurred in 1988 was ordinary and necessary under I.R.C. § 162 and § 62(a). Therefore, defendant has requested a 90 day continuance in which to complete discovery and an additional 30 days in which to respond to the plaintiffs' motion. The court grants this request pursuant to Rule 56(f) of the Fed.R.Civ.P.

### Conclusion

For the reasons stated above, the court concludes that the government's construction of the term "personal interest," as defined in Temp.Treas.Reg. § 1.163–9T (1987), to include tax deficiency interest on income derived from the conduct of a trade or business, is unreasonable and therefore invalid. Additionally, pursuant to Rule 56(f) of the Fed. R.Civ.P., the court grants a 90 day continuance in which to complete discovery and an additional 30 days for defendant to respond to plaintiffs' motion.

Upon consideration of the pleadings, affidavits, memoranda and oral argument, it is hereby

**ORDERED** that defendant's motion for summary judgment is denied; it is further

**ORDERED** that the parties shall have 90 days from the date of this order in which to complete discovery; and it is further

**ORDERED** that defendant shall have an additional 30 days to respond to plaintiffs' motion for summary judgment.

**IT IS SO ORDERED.**