RAY V. AND MARJORIE L. ROSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rose v. Commissioner
Docket No. 16408-93
United States Tax Court
T.C. Memo 1995-75; 1995 Tax Ct. Memo LEXIS 76; 69 T.C.M. (CCH) 1914; February 16, 1995, Filed *76 Decision will be entered for respondent. For petitioners: Kevin O. O'Brien. For respondent: Timothy P. Brynteson. PANUTHOS
PANUTHOS
MEMORANDUM OPINION PANUTHOS, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined a deficiency in petitioners' 1990 Federal income tax in the amount of $ 1,136 and an addition to tax under section 6651(a)(1) in the amount of $ 632. Petitioners conceded the section 6651(a)(1) addition to tax. The remaining issue is whether petitioners are entitled to a claimed deduction for payment of interest accruing under sections 6601(a) and 6621 with respect to their 1989 Federal income tax liability. At the time of filing the petition, petitioners resided in Colorado Springs, Colorado. All of the facts have been stipulated *77 by the parties and are so found. The pertinent facts are summarized below. Background
Prior to the April 15, 1990, due date for the filing of their 1989 Federal income tax return, petitioners filed a Form 4868 (Application for Automatic Extension of Time To File U.S. Individual Income Tax Return), which extended the time for filing to August 15, 1990. The Form 4868 reflected withholding of $ 2,813 and estimated petitioners' 1989 tax liability to be the same amount. Petitioners did not remit any payment with the Form 4868. On August 13, 1990, petitioners filed a Form 2688 (Application for Additional Extension of Time to File U.S. Individual Income Tax Return), requesting an extension to October 15, 1990, for filing their 1989 Federal income tax return. Petitioners did not remit any payment with the Form 2688. On October 17, 1990, petitioners untimely filed their 1989 Federal income tax return, reporting a tax liability of $ 82,164, an amount of tax owed of $ 79,609, and a penalty of $ 258 for underpayment of estimated tax. Petitioners paid $ 79,609 with the return. On Form 4797 (Sales of Business Property), petitioners reported $ 471,889 of section 1231 gain in connection *78 with petitioner Ray V. Rose's 10-percent general partnership interest in Picadilly Square Associates partnership. On December 17, 1990, petitioners paid $ 6,942.07 to satisfy their liability for the underpayment of estimated tax, penalty for late payment of tax, and interest under sections 6601(a) and 6621 with respect to their 1989 Federal income tax liability. Of that amount, $ 4,561.54 covered the interest due on their $ 79,609 liability from April 15 to October 17, 1990. On Form 4952 (Investment Interest Expense Deduction) of their 1990 Federal income tax return, petitioners deducted $ 4,513 of the interest paid with respect to their 1989 income tax liability as an investment interest expense deduction. [2]
In a subsequent audit, respondent disallowed the claimed interest deduction and made other adjustments *79 to petitioners' 1990 income tax return. All other issues raised in the audit were settled before the notice of deficiency was issued. The entire deficiency determined in the notice of deficiency resulted from the disallowance of the investment interest expense deduction claimed by petitioners. The interest paid by petitioners on their 1989 Federal income tax liability did not arise because of any of respondent's adjustments to their income, but instead arose solely because of petitioners' late payment of their tax liability. Discussion
Respondent contends that the interest deduction should be disallowed because the interest was neither attributable to petitioners' trade or business nor incurred on indebtedness properly allocable to petitioners' trade or business or to their investment activity. Respondent also contends that section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987), precludes the allowance of an individual's deduction of interest incurred on an income tax deficiency. Petitioners rely on two arguments to support their claimed interest deduction. First, they argue that section 1.163-9T(b)(2)(i)(A), *80 Temporary Income Tax Regs., supra, is invalid to the extent it defines all interest on income tax deficiencies as personal interest. Second, assuming the temporary regulation is invalid, they argue that the interest deduction is allowable because it is attributable to petitioners' trade or business or investment activity. We agree with respondent that petitioner's interest expense was neither attributable to petitioners' trade or business nor incurred on indebtedness properly allocable to petitioners' trade or business or to their investment activity. As a result of this holding we need not and do not rule on the validity of section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., supra. [3]
*81 Section 62(a)(1) defines adjusted gross income as gross income less certain deductions, among which are deductions attributable to a trade or business. Section 163(a) allows a deduction for interest paid or accrued on indebtedness. Section 163(h)(1), however, disallows an individual's deduction of "personal interest", which is defined under section 163(h)(2) as including all interest other than the following: (A) interest paid or accrued on indebtedness properly allocable to a trade or business (other than the trade or business of performing services as an employee), (B) any investment interest (within the meaning of subsection (d)), (C) any interest which is taken into account under section 469 in computing income or loss from a passive activity of the taxpayer, (D) any qualified residence interest (within the meaning of paragraph (3)), and (E) any interest payable under section 6601 on any unpaid portion of the tax imposed by section 2001 for the period during which an extension of time for payment of such tax is in effect under section 6163 or 6166 or under section 6166A (as in effect before its repeal by the Economic Recovery Tax Act of 1981).
Petitioners failed *82 to prove that the interest imposed on their individual income tax deficiency due to their late payment of taxes was allocable to a trade or business or constituted investment interest. "An item of expense is not deductible as a business expense merely because it arose in connection with the taxpayer's business". Commissioner v. Polk, 276 F.2d 601, 602 (10th Cir. 1960), affg. 31 T.C. 412 (1958); see also Estate of Broadhead v. Commissioner, T.C. Memo. 1966-26 (citing Commissioner v. Polk, supra, in holding that the taxpayer failed to prove that interest on State income tax deficiency was an ordinary and necessary business expense), affd. 391 F.2d 841 (5th Cir. 1968); cf. True v. United States, 72 AFTR 2d 93-5661, 93-2 USTC par. 50,461 (D. Wyo. 1993) [4] (interest paid by individual on income tax deficiency attributable to his distributable share of the income of a partnership was personal interest), affd. per curiam without published opinion 35 F.3d 574 (10th Cir. 1994). Commissioner v. Polk, supra, *83 involved a taxpayer engaged in raising and producing livestock.[5] The taxpayer operated on an inventory accounting method which required the taxpayer to value his livestock every year. The Court of Appeals for the Tenth Circuit, in affirming this Court, noted that the value of livestock is a matter on which qualified minds may differ, and, therefore, it was "difficult, if not impossible, for a taxpayer * * * to make an inventory return which will correctly reflect the true value of the livestock as finally determined." Commissioner v. Polk, supra at 603. Under such circumstances, the Court reasoned, underreporting income was a sufficiently common incident of the taxpayer's business that the interest on the income tax deficiencies was considered an ordinary and necessary business expense. Id.
*84 Petitioners claim that the interest expense here is primarily attributable to taxes on income from section 1231 gain earned in connection with petitioner Ray V. Rose's general partnership interest in Picadilly Square Associates partnership. Petitioners did not show, however, that an income tax deficiency could be considered a normal or usual incident of the partnership's business, as was the case in Commissioner v. Polk, supra. To the contrary, petitioners stipulated that the interest expense arose solely as a result of their failure to timely pay taxes on their income. Their decision to pay the income taxes after the due date is inherently personal. Accordingly, petitioners failed to show that the interest they paid on their 1989 Federal income tax liability was attributable to a trade or business, properly allocable to an indebtedness of a trade or business, or constituted an investment expense. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners claimed $ 4,513 of the $ 4,561.54 in interest paid on their 1989 Federal income tax liability as attributable to the sec. 1231 gain in connection with petitioner Ray V. Rose's partnership interest.↩
3. We are aware of the opinion of the District Court for the District of North Dakota, Miller v. United States, 841 F. Supp. 305 (D.N.D. 1993), which declared sec. 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409↩ (Dec. 22, 1987), invalid. We express no opinion with respect to that issue.
4. On brief, both parties addressed True v. United States, 72 AFTR 2d 93↩-5661, 93-2 USTC par. 50,461 (D. Wyo. 1993), an unpublished opinion of questionable precedential value.
5. This case is appealable to the Court of Appeals for the Tenth Circuit, which decided Commissioner v. Polk, 276 F.2d 601 (10th Cir. 1960), affg. 31 T.C. 412 (1958), and we follow the precedent of that Court of Appeals. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).