T.C. Memo. 1996-466

UNITED STATES TAX COURT

FRED AND YVONNE MICHAEL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15057-94.                    Filed October 16, 1996.

<u>Ted H. Merriam</u> and <u>David A. Sprecace</u>, for petitioners.

<u>Richard D. D'Estrada</u>, for respondent.

MEMORANDUM OPINION

FAY, <u>Judge</u>:  By notice of deficiency dated May 23, 1994, respondent determined a deficiency in petitioners' 1991 Federal income tax return in the amount of $21,113 and an addition to tax and a penalty under sections[1] 6651(a)(1)[2] and 6662(a) in the

_____

[1]All section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the
(continued...)

amounts of $3,790 and $2,903, respectively.  After concessions, the sole issue for decision is whether petitioners are entitled to an interest deduction for interest they paid to the Internal Revenue Service (the Service) during 1991 on tax deficiencies for earlier years.[3]

Background

This case was submitted fully stipulated pursuant to Rule 122.  The stipulation of facts and the attached exhibits are incorporated herein by this reference, and the facts contained therein are found accordingly.  At the time the petition was filed, petitioners resided in Thornton, Colorado.

During the year in issue, Fred Michael (petitioner) was unemployed.  Petitioner Yvonne Michael's principal business was running Four Sisters, an Indian art retail store.

---

[1](...continued)
Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]Petitioners concede that they are liable for an addition to tax under sec. 6651(a)(1) equal to 25 percent of any deficiency determined herein.

[3]On their 1991 joint Federal income tax return, petitioners deducted $21,286.76 on Schedule A as legal fees.  Respondent concedes that $7,211 is an allowable deduction for legal fees under sec. 212 but is subject to the 2 percent of adjusted gross income limitation on Schedule A.  Petitioners concede that the remaining $14,075.76 claimed as legal fees is not an allowable deduction.  Respondent concedes that petitioners are not liable for an accuracy-related penalty under the provisions of sec. 6662(a).

Prior to the year in issue, during the 1981 and 1982 taxable years, petitioner worked as a furniture lumper. A lumper is a laborer employed to handle freight or cargo. On their 1981 and 1982 Federal income tax returns, petitioners claimed withholdings were made on petitioner's behalf in the amounts of $11,060.84 and $12,601.25, respectively. Following an audit, the Commissioner determined that these amounts, which were claimed as withholding for the taxable years 1981 and 1982, were never withheld or paid to the Service during the taxable years 1981 and 1982. The Commissioner further determined that petitioner was an independent contractor during the 1981 and 1982 taxable years in which he worked as a furniture lumper. The Commissioner determined that, as an independent contractor, petitioner was liable for self-employment tax in the amounts of $2,245 and $2,356 for the tax years 1981 and 1982, respectively. Petitioners paid $42,700 in interest in 1991 to the Service on account of their tax liabilities arising from the overstatement of credits for withholding and the failure to pay self-employment tax during the 1981 and 1982 tax years.

On Schedule C of their 1991 Federal income tax return, petitioners claimed this interest expense as a business expense. Respondent disallowed the entire $42,700 deduction as a Schedule C interest expense.

Discussion

Petitioners assert that the interest expense is attributable to petitioner's trade as a furniture lumper and therefore deductible as an ordinary and necessary expense of a trade or business under section 162.[4]

Respondent argues that petitioners are not entitled to an interest deduction under section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., 52 Fed. Reg. 48409 (Dec. 22, 1987), which treats interest incurred on a Federal individual income tax deficiency as nondeductible personal interest under section 163(h).

Section 163(h) provides in part:

SEC. 163(h).  Disallowance of Deduction for Personal Interest.

(1) In general.  In the case of a taxpayer other than a corporation, no deduction shall be allowed under this chapter for personal interest paid or accrued during the taxable year.

(2) Personal interest.  For purposes of this subsection, the term "personal interest" means any interest allowable as a deduction under this chapter other than--

(A) interest paid or accrued on indebtedness properly allocable to a trade or business (other than the trade or business of performing services as an employee) * * *

---

[4]Sec. 162(a) provides in part:  "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".

Petitioners, however, contend that section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., supra, is invalid because it is not a reasonable interpretation of the legislative definition of personal interest contained in section 163(h)(2)(A). In support of this contention, petitioners rely on our recent decision in Redlark v. Commissioner, 106 T.C. 31 (1996), in which we held that under the facts presented in that case, section 1.163-9T(b)(2)(i)(A), Temporary Income Tax Regs., supra, was invalid, and that the interest on the deficiency in that case constituted an ordinary and necessary expense of a trade or business and, accordingly, was deductible. Petitioners' reliance on Redlark v. Commissioner, supra, is misplaced.

We noted in Redlark v. Commissioner, supra at 47, that there are situations where deficiency interest will not constitute an ordinary and necessary business expense allocable within the meaning of section 163(h)(2)(A). Therefore, we begin our analysis with whether the interest expense involved herein is an ordinary and necessary expense sufficiently connected to the business of petitioner so as to satisfy the "properly allocable to a trade or business" exception of section 163(h)(2)(A).

The case herein is appealable to the Court of Appeals for the Tenth Circuit, which, in Commissioner v. Polk, 276 F.2d 601 (10th Cir. 1960), affg. 31 T.C. 412 (1958), affirmed our decision that interest on an income tax deficiency, arising out of inventory valuation corrections, was a deductible business expense for

purposes of calculating a net operating loss carryover. According to the Court of Appeals: "An item of expense is not deductible as a business expense merely because it arose in connection with the taxpayer's business and was proximately related thereto. To be deductible, it must be an ordinary and necessary expense incurred in the operation of the business". Id. at 602-603. The Court of Appeals' view of the type of situations in which interest on a deficiency may be deducted as an ordinary and necessary expense arising out of the operation of a business is reflected in the following statement:

> Unless it can be said that the failure to properly evaluate inventories, which form a part of a taxpayer's return, arises because of the nature of the business, and is ordinarily and necessarily to be expected, interest on a deficiency assessment does not arise out of the ordinary operation of the business and may not be deducted. [Fn. ref. omitted.]

Id. at 603. This Court in Redlark v. Commissioner, supra at 37, noted that the above-quoted language might have been intended to "[narrow] the types of situations where the ordinary and necessary business expense requirement of section 162 has been satisfied." In Redlark, however, we indicated that the Court of Appeals for the Tenth Circuit's test was met under the specific facts presented. We must now decide whether the facts of the present case also meet the Court of Appeals' test.

Failure To Pay Self-Employment Tax

Petitioner believed that, for the tax years 1981 and 1982, he was an employee and therefore not liable for self-employment

tax.  The Commissioner determined that petitioner was not an
employee during 1981 and 1982 but was instead an independent
contractor.  Following this determination by the Commissioner,
petitioner paid, in 1991, deficiencies in self-employment tax for
1981 and 1982 and interest on those liabilities.

As indicated above, the Court of Appeals for the Tenth
Circuit, to which an appeal in this case would lie, held in
Commissioner v. Polk, supra, that interest paid by an individual
taxpayer on an income tax deficiency was deductible as an
ordinary and necessary expense where the deficiency resulted from
the taxpayer's understatement of his business income.  However,
the facts of Polk are distinguishable from the facts herein.  The
taxpayer in Polk raised and produced livestock and used an inven-
tory accounting method that required him to value his livestock
yearly.  The Court of Appeals stated that, because properly
valuing livestock is not an exact science, the taxpayer's under-
reporting of income arose because of the nature of his business
and is "ordinarily and necessarily to be expected." Commissioner
v. Polk, supra at 603.  Thus, the interest on the deficiency was
held to be an ordinary and necessary business expense.  Id.

Unlike the taxpayer in Polk, here petitioner has not made a
showing that the part of the 1981 and 1982 income tax deficien-
cies resulting from his failure to pay self-employment tax, and
on which he paid interest, arose as a normal or usual incident of
his business as a furniture lumper.  Petitioners argue that it is

very difficult for a lumper to determine his status as either an employee or an independent contractor. Petitioners cite several cases which have addressed this issue, some of which conclude the lumper was an employee, while others conclude the lumper was an independent contractor. Lanigan Storage & Van Co. v. United States, 389 F.2d 337 (6th Cir. 1968); McGuire v. United States, 349 F.2d 644 (9th Cir. 1965); Service Trucking Co. v. United States, 347 F.2d 671 (4th Cir. 1965); R & H Corp. v. United States, 255 F. Supp. 870 (W.D. Pa. 1966). Petitioners' argument is not persuasive. Petitioners were put on notice of a possible problem with petitioner's status as an employee because petitioner never received a Form W-2 from any of the persons or entities he worked for. Petitioners included with each of their 1981 and 1982 income tax returns a temporary handwritten Form W-2 which petitioner prepared himself. Petitioners give no indication that they investigated why no Form W-2 was issued to petitioner or whether the amounts they claimed as withholdings were in fact withheld. The record contains no evidence that petitioner, given a good faith effort, would not have been able to correctly file as an independent contractor. Indeed, there is no probative evidence regarding the principal's control over the details of his work, or in regard to any other factor commonly taken into account to distinguish an employee from an independent contractor. See, e.g., Walker v. Commissioner, 101 T.C. 537, 542 (1993). Thus, petitioner did not show that his failure to pay

self-employment taxes was a normal or usual incident of <u>his</u> business, as was the case in <u>Commissioner v. Polk</u>, <u>supra</u>.

Past cases have required a stronger connection between the adjustments creating the deficiency and the taxpayer's business. See <u>Polk v. Commissioner</u>, 31 T.C. 412 (1958) (holding that adjustment arising from revaluations of taxpayer's inventory was sufficiently connected and proximately related to taxpayer's business); <u>Standing v. Commissioner</u>, 28 T.C. 789 (1957) (holding that adjustment arising from accounting errors in taxpayer's business was proximately related to taxpayer's business), affd. 259 F.2d 450 (4th Cir. 1958). Therefore, we find that no part of the deficiencies arising because of petitioner's failure to pay self-employment taxes during the 1981 and 1982 taxable years was attributable to petitioner's trade or business.

<u>Overstated Withholding by Petitioner</u>

Petitioners claimed on their 1981 and 1982 Federal income tax returns credits for withholding in the amounts of $11,060.84 and $12,601.25, respectively. These amounts were never in fact withheld or paid over to the Service. A portion of the interest expense deducted by petitioners on their 1991 Federal income tax return represents interest on the unpaid tax liabilities arising from the overstatement of credits for withholding. That interest was paid during the taxable year 1991.

Petitioners have failed to prove that the interest paid on the tax liabilities resulting from their overstated withholding

qualifies as interest "accrued on indebtedness properly allocable to a trade or business" of their own.  See Rose v. Commissioner, T.C. Memo. 1995-75.  In Rose, the taxpayers paid interest on a deficiency that arose from underpayment of estimated tax and late payment of their tax.  This was not produced by any adjustment to their income but instead resulted solely from the taxpayers' late payment of their tax liabilities.  We concluded that that interest was not attributable to a trade or business.

In the case at bar, petitioners' deficiencies for 1981 and 1982 resulted in part from a failure to remit taxes reported as withheld on petitioner's Form W-2.  As noted earlier, the Form W-2 was prepared by petitioner himself.  He did not receive a Form W-2 from any individual or entity he may have worked for during 1981 or 1982.  Thus, he has not demonstrated any basis, much less the good faith basis contemplated by Commissioner v. Polk, 276 F.2d 601 (10th Cir. 1960), for believing that any tax was withheld from his compensation and paid over to the Service on his behalf.  Petitioners have failed to show that interest on their deficiencies, insofar as attributable to their overstatement of withholding credits, arose as a natural, usual, or unavoidable consequence of petitioner's business.  Petitioners, therefore, have failed to carry their burden of showing that the interest imposed on their income tax deficiencies due to their overstated credits for withholding was allocable to a trade or

business or deductible as an ordinary and necessary business expense.  See id. at 602.

Conclusion

Petitioners have failed to carry their burden of proving that the interest expense deduction they took for interest paid to the Service on their tax deficiencies was allocable to a trade or business within the meaning of section 163(h)(2)(A).  To reflect the foregoing and concessions by the parties,

Decision will be entered under Rule 155.