**Charles E. STRANGE; Sherrie R. Strange, Petitioners–Appellants,**

**v.**

**Commissioner of Internal Revenue, Respondent–Appellee.**

No. 00–70749.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2001

Filed Nov. 8, 2001

L. Robert LeGoy, Jr. and Kurt O. Hunsberger, Walther, Key, Maupin, Oats, Cox & LeGoy, Reno, Nevada, for the petitioners-appellants.

David English Carmack and Tamara W. Ashford, Tax Division, United States Department of Justice, Washington, D.C., for the respondent-appellee.

Before: SNEED, TROTT, and TALLMAN, Circuit Judges.

SNEED, Circuit Judge:

Charles and Sherrie Strange ("Taxpayers") appeal the Tax Court's assessment of federal income tax deficiencies. The Tax Court found that Taxpayers, in calculating adjusted gross income, had improperly deducted nonresident state income taxes on net oil and gas royalties. We have jurisdiction under Internal Revenue Code ("Code" or "I.R.C.") § 7482, and we affirm.

### I.

Taxpayers, residents of Nevada, own income-producing gas and oil interests in nine other states. Each of these states imposes nonresident state income tax on income-producing activity within the state. Accordingly, Taxpayers paid state taxes on the net royalty income earned in each state during tax years 1993 through 1995. In filing their federal income tax returns for these years, Taxpayers deducted their nonresident state income taxes from gross income, yielding adjusted gross income. In addition, Taxpayers took the standard deduction to arrive at taxable income.

Upon an audit of the federal returns for tax years 1993 through 1995, the Commissioner of Internal Revenue ("Commissioner") determined that Taxpayers' nonresident state income taxes were not deductible from gross income under I.R.C. § 62(a)(4). As a result, the Commissioner assessed deficiencies of $3,955, $5,379, and $3,983 against Taxpayers for the respective tax years. Upon Taxpayers' challenge, the Tax Court upheld the deficiencies.

### II.

In this case, our task is to interpret I.R.C. § 62(a)(4), providing for deductions from gross income ("above-the-line deductions"). The Tax Court's construction of this statute involves a question of law subject to de novo review. *See Sliwa v. Commissioner*, 839 F.2d 602, 605 (9th Cir.1988). Because tax deductions are a matter of legislative grace, statutes providing for them should be narrowly construed against the taxpayer. *Deputy v. du Pont*, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416 (1940).

Section 62(a)(4) provides for above-the-line deductions for expenses "attributable to property held for the production of rents. or royalties," cross-referencing § 164, which provides for the itemized ("below-the-line") deduction of state income taxes.[1] Taxpayers assert that these two sections, when read together, expressly provide for an above-the-line deduction of nonresident state income taxes on net

---

1. I.R.C. § 62 provides in relevant part as follows:

    **(a) General rule.**—For purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: **(1) Trade and business deductions....** [D]eductions ... attributable to a trade or business carried on by the taxpayer, ... **(4) Deductions attributable to rents and royalties.**—The deductions allowed by part VI (sec. 161 and following), ... which are attributable to property held for the production of rents or royalties.

    I.R.C. § 164 in relevant part provides:
    **§ 164. Taxes (a) General rule.**—Except as otherwise provided in this section, the following taxes shall be allowed as [an itemized] deduction for the taxable year within which paid or accrued: (1) State and local, and foreign, real property taxes.... (3) State and local, and foreign, income, war profits, and excess profits taxes.

royalties. We do not agree. Such state income taxes are not "attributable to" royalty-producing property in the way Congress intended under § 62(a)(4).

The goal of statutory construction is to give effect to the intent of Congress. *See Arizona Governing Comm. for Tax Deferred Annuity & Deferred Compensation Plans v. Norris*, 463 U.S. 1073, 1108, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983) (O'Connor, J., concurring) ("Our polestar, however, must be the intent of Congress, and the guiding lights are the language, structure, and legislative history of [the applicable statute]").

█ The language and structure of § 62(a) reveal Congress's intent that state income taxes levied on net royalty income (gross royalty minus production taxes, overhead, operating expenses, and depletion) are not deductible above-the-line. Such income taxes are not expenses incurred in the production of the royalty. *See Accountants' Cost Handbook*, 1.9 (James Bulloch et al. eds., 3d ed.1983) (defining expenses as "expired costs ... used to produce revenue"). Above-the-line deductions must be attributable to "*property* held for the production of ... royalties"-not attributable to the royalties derived therefrom. I.R.C. § 62(a)(4) (emphasis added). The language and sentence structure plainly divide the "property" from the derived "royalties."

The legislative history comports with our plain language understanding of § 62(a)(4). In passing § 22(n), the precursor to § 62(a)(4),[2] Congress indicated the manner in which state taxes paid on royalty income should be reported for federal tax purposes:

> The proposed section 22(n) of the Code provides that the term "adjusted gross income" shall mean the gross income computed under section 22 less the sum of the following deductions: (1) Deductions allowed by section 23 of the Code, which are attributable to a trade or business carried on by the taxpayer ... [and] (4) deductions allowed by section 23 which are attributable to rents and royalties; ...

> The deductions described in clause (1) above are limited to those which fall within the category of expenses directly incurred in the carrying on of a trade or business. The connection contemplated by the statute is a direct one rather than a remote one. For example, property taxes paid or incurred on real property used in the trade or business will be deductible, whereas State income taxes, incurred on business profits, would clearly not be deductible for the purpose of computing adjusted gross income. Similarly, with respect to the deductions described in clause (4), the term "attributable" shall be taken in its restricted sense; only such deductions as are, in the accounting sense, deemed to be expenses directly incurred in the rental of property or in the production of royalties.

Both a treasury regulation and other courts have similarly looked to Section 22(n)'s legislative history to interpret Section 62(a) and have prohibited above-the-line deductions for state income taxes. *See* Temp. Treas. Reg. 1.62–1T; *Tanner v. Commissioner*, 45 T.C. 145, 1965 WL 1300 (1965), *aff'd per curiam*, 363 F.2d 36 (4th Cir.1966); *Lutts v. United States*, 65–1 USTC par. 9313 (S.D.Cal.1965).

**2.** Section 22(n) introduced the concept of adjusted gross income into the 1939 Code. Individual Income Tax Act of 1944, ch. 210, § 8(a), Pub.L. No. 315, 58 Stat. 231, 235. Section 62 was added to the Code in 1954 with "no substantive change" to Section 22(n). S.Rep. No. 83–1622, at 169 (1954). With no evidence of a contrary intent, the legislative history of Section 22(n) properly guides our current analysis of Section 62(a).

S.Rep. No. 78–885, at 24–25 (1944), 1944 C.B. 858, 877–78. Nonresident state income taxes, imposed on net royalty income, are not expenses "directly incurred ... in the production of royalties" and thus are not deductible under § 62(a)(4). *Id.*

AFFIRMED.