T.C. Memo. 2015-73

UNITED STATES TAX COURT

MATTHEW L. CUTLER AND SHANNON W. CUTLER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17814-12. Filed April 9, 2015.

<u>Carl M. Markus</u>, for petitioners.

<u>Teri L. Jackson</u> and <u>Reid Michael Huey</u>, for respondent.

MEMORANDUM OPINION

THORNTON, <u>Chief Judge</u>: Respondent determined deficiencies of

$15,234, $18,443, and $15,185 in petitioners' 2007, 2008, and 2009 income tax,

respectively.[1]

---

[1]All monetary amounts are rounded to the nearest dollar.

**[\*2]**   After the parties' concessions, the remaining issue for decision is whether pursuant to section 62(a)(1) petitioners may deduct from their gross income nonresident State taxes paid on petitioner husband's (petitioner's) share of partnership income from his law firm.[2]  For the reasons explained below, we hold that petitioners may deduct these State taxes only as itemized deductions pursuant to section 164(a)(3).

<u>Background</u>

The parties submitted this case fully stipulated pursuant to Rule 122.

Petitioner, a lawyer, is a principal in the law firm Harness, Dickey & Pierce, PLC (HDP).  HDP is organized in Michigan as a professional limited liability company and is treated as a partnership for Federal income tax purposes.  HDP has offices in Michigan, Missouri, and Virginia.  During the years at issue petitioner worked in HDP's Missouri office.  He had the authority, along with other principals of HDP, to direct its operations.

During the years at issue HDP earned income sourced in Missouri, Michigan, Virginia, Illinois, and Oregon.  Petitioner did not perform services in Michigan, Virginia, Illinois, or Oregon or work for clients based in those States.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] Petitioner nevertheless paid State nonresident income taxes on HDP's income sourced in these States.

On Schedules K-1, Partner's Share of Income, Deductions, Credits, etc., of Forms 1065, U.S. Return of Partnership Income, for the years at issue, HDP reported petitioner's share of ordinary business income as self-employment earnings. On their Federal income tax returns for the years at issue, petitioners reported this income and claimed deductions for State nonresident income taxes as unreimbursed partnership expenses on Schedules E, Supplemental Income and Loss, as follows:[3]

| State | 2007 | 2008 | 2009 |
|-------|------|------|------|
| Michigan | $9,594 | $10,822 | $10,223 |
| Virginia | 2,254 | 4,200 | 4,541 |
| Illinois | 95 | 82 | 43 |
| Oregon | -0- | -0- | 25 |
| Total | 11,943 | 15,104 | 14,832 |

Respondent determined that petitioners were not entitled to deduct the State nonresident income taxes on their Schedules E but instead must deduct them as itemized deductions on their Schedules A. This determination increased

---

[3]Petitioners deducted Missouri resident income taxes on their Schedules A, Itemized Deductions. Those deductions are not at issue.

**[*4]** petitioners' adjusted gross income with associated increases in self-employment tax and alternative minimum tax.  Petitioners, while residing in Missouri, timely petitioned this Court.[4]

Discussion

I.  <u>Burden of Proof</u>

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer has the burden of proving that the determinations are in error.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  Although the parties submitted this case fully stipulated under Rule 122, this circumstance does not affect the placement of the burden of proof.  <u>See</u> Rule 122(b); <u>Borchers v. Commissioner</u>, 95 T.C. 82, 91 (1990), <u>aff'd</u>, 943 F.2d 22 (8th Cir. 1991).  Because petitioners have not argued or shown that the burden of proof with respect to any factual issue should shift to respondent, <u>see</u> sec. 7491, they retain the burden of proof.

---

[4]Petitioners filed a motion for leave to file out of time an amended petition (motion for leave) and lodged an amended petition.  Before the Court had acted on the motion for leave, the parties filed a joint motion to submit this case under Rule 122, stating that the parties "agreed that the case may be submitted on the basis of the pleadings and the facts recited in the attached stipulation".  The parties' briefs addressed all the issues that remained for decision in this case, including the points that petitioners had sought to raise in their amended petition.  Accordingly, we will deny the motion for leave as moot.

**[*5]** II.  Deductions From Gross Income vs. Itemized Deductions

Gross income includes all income from whatever source derived.  Sec. 61.

Adjusted gross income (AGI) is gross income less certain deductions.  Sec. 62(a).

These deductions are sometimes called "above the line".  Certain other deductions

may be subtracted from AGI in computing taxable income.  Secs. 63(a), (b), (d),

164(a)(3).  These itemized deductions are sometimes called "below the line".

The distinction between above-the-line and below-the-line deductions can

be significant.  Above-the-line deductions generally may be claimed in addition to

itemized deductions or the standard deduction and offer the added benefit of

reducing AGI, which in turn is used as a measure to limit other tax benefits.  See,

e.g., Calvao v. Commissioner, T.C. Memo. 2007-57.  Below-the-line deductions,

unlike above-the-line deductions, are subject to income limitations and in some

instances can be deducted only to the extent they exceed a specified floor amount.

See Chu v. Commissioner, T.C. Memo. 2005-110.

Deductions are allowed above the line if they are "attributable to a trade or

business carried on by the taxpayer, if such trade or business does not consist of

the performance of services by the taxpayer as an employee."  Sec. 62(a)(1).  The

regulations interpret this statutory provision to mean that expenses are deductible

above the line when they are "directly, and not * * * merely remotely, connected

[*6] with the conduct of a trade or business." Sec. 1.62-1T(d), Temporary Income Tax Regs., 53 Fed. Reg. 9874 (Mar. 28, 1988).

> For example, taxes are deductible in arriving at adjusted gross income only if they constitute expenditures directly attributable to a trade or business or to property from which rents or royalties are derived. Thus, property taxes paid or incurred on real property used in a trade or business are deductible, but state taxes on net income are not deductible even though the taxpayer's income is derived from the conduct of a trade or business. [Id.]

Substantially identical regulations have been in place since 1945, have been deemed to have received congressional approval, and have been held to be a proper interpretation of the statute. See Tanner v. Commissioner, 45 T.C. 145, 147-148 (1965) (rejecting a West Virginia taxpayer's attempt to take above-the-line deductions for West Virginia income tax he paid on his share of net income earned by an accounting firm of which he was a partner), aff'd, 363 F.2d 36 (4th Cir. 1966); see also Strange v. Commissioner, 114 T.C. 206 (2000) (disallowing above-the-line deductions for State nonresident income taxes paid on net royalty income derived from oil and gas wells), aff'd, 270 F.3d 786 (9th Cir. 2001).

Petitioners seek to distinguish Tanner and Strange on grounds that the nonresident income taxes in question are entity-level taxes that were imposed on and therefore immediately connected with the conduct of petitioner's trade or business. Petitioners further contend that some of the Virginia nonresident taxes

**[\*7]** in question, unlike the State taxes in <u>Tanner</u> and <u>Strange</u>, were imposed on their gross income rather than on their net income.

### A. Whether the Nonresident Taxes Were Entity-Level Taxes

Petitioners argue that all the State taxes in question were entity-level taxes. They argue that the 2008 and 2009 Virginia nonresident taxes were entity-level taxes because they were imposed on HDP directly. More generally, they argue that all the State taxes in question (including all the Virginia taxes) were entity-level taxes because they were imposed on HDP constructively. We consider these arguments in turn.

#### 1. Whether the Virginia Taxes Were Imposed Directly on HDP

Petitioners argue that the 2008 and 2009 Virginia taxes were entity-level taxes that were imposed directly on HDP rather than on petitioner.[5] For the reasons described below, we disagree.

Virginia generally taxes the net income of a nonresident individual, partner, or beneficiary receiving Virginia-source income. See Va. Code Ann. sec. 58.1-325(A) (2013). A nonresident owner of a passthrough entity is liable for Virginia

---

[5]Petitioners concede that the 2007 Virginia nonresident income taxes were not imposed directly on HDP. Petitioners' arguments about the 2008 and 2009 Virginia nonresident income taxes are predicated on certain amendments to the Virginia income tax laws that became effective January 1, 2008.

[*8] tax on income that passes through the entity only in the owner's separate or individual capacity.  See id. sec. 58.1-390.2.

A nonresident partner must first calculate the partner's Virginia taxable income as if the partner were a Virginia resident.  Id. sec. 58.1-325(A).  The partner must then determine the ratio that its net amount of income, gains, losses, and deductions from Virginia sources bears to the same items from all sources.  Id.  The nonresident partner must then apply this ratio to the amount of Virginia taxable income calculated as if the partner were a Virginia resident.  Id.  The product is the nonresident partner's Virginia taxable income.  Id.

Virginia requires a passthrough entity to withhold tax if it derives taxable income from or connected with Virginia sources and allocates any portion of that taxable income to a nonresident owner.  Id. sec. 58.1-486.2(A).  A passthrough entity required to withhold tax is liable for the payment of the tax due.  Id. sec. 58.1-486.2(G).  If an entity fails to withhold the required tax and the nonresident owner pays the tax, the entity is not liable for the withholding tax.  Id. sec. 58.1-486.2(H).  A nonresident owner is allowed a credit against the owner's Virginia income tax for the owner's share of the withheld tax.  Id. sec. 58.1-486.2(E).

Petitioners argue that Virginia expressly imposes a withholding tax on HDP that is separate from the income tax that Virginia imposes on HDP's nonresident

**[\*9]** principals.  The Virginia withholding tax statute provides that a partnership

must pay a withholding tax for the privilege of doing business in Virginia.  See id.

sec. 58.1-486.2(A).  Petitioners contend that a separate Virginia statute regarding

the taxation of partnerships makes clear that the withholding tax is imposed on the

partnership itself.  See id. sec. 58.1-390.2.  Reading these statutes together,

petitioners argue, makes clear that the 2008 and 2009 Virginia taxes are entity-level

taxes imposed directly on HDP.  We are not convinced.

The Virginia withholding requirement in question is substantially similar to

the Federal withholding requirement that applies to wages.[6]  Under both the

---

[6]Va. Code Ann. sec. 58.1-486.2(H) (2013) provides:

If any pass-through entity fails to deduct and withhold tax as required
by this section, and thereafter the tax against which such tax may be
credited is paid, the tax so required to be deducted and withheld
under this section shall not be collected from the pass-through entity,
but the pass-through entity shall not be relieved from liability for any
penalties or interest or additions to tax otherwise applicable in respect
of such failure to withhold.

Sec. 3402(d) provides as to wages:

If the employer, in violation of the provisions of this chapter, fails to
deduct and withhold the tax under this chapter, and thereafter the tax
against which such tax may be credited is paid, the tax so required to
be deducted and withheld shall not be collected from the employer;
but this subsection shall in no case relieve the employer from liability
for any penalties or additions to tax otherwise applicable in respect of

(continued...)

**[\*10]** Virginia and Federal statutes, withholding agents are liable for the tax required to be deducted and withheld. Compare Va. Code Ann. sec. 58.1-390.2 with sec. 3403. Under both the Virginia and Federal statutes, the withheld tax is allowed as a credit against the tax imposed. Compare Va. Code Ann. sec. 58.1-486.2(E) with sec. 31.

We have often observed that there is only one Federal income tax but there are two separate collection mechanisms: (1) from the employer pursuant to section 3402 or section 3403 and (2) from the employee, generally pursuant to sections 1, 61(a)(1), 6151(a), and 6155. See, e.g., McLaine v. Commissioner, 138 T.C. 228, 253 n.4 (2012); Whalen v. Commissioner, T.C. Memo. 2009-37; Roscoe v. Commissioner, T.C. Memo. 1984-484. This observation also applies to the Virginia taxes in question, given that the Virginia withholding mechanism mirrors the Federal withholding mechanism.

In sum, we conclude that the 2008 and 2009 Virginia taxes are not entity-level taxes that were imposed directly on HDP.

---

[6](...continued)
such failure to deduct and withhold.

**[*11]**    2. Whether the Nonresident Taxes Were Constructively Imposed
           on HDP

Petitioners argue that all the nonresident taxes in question, including all the

Virginia taxes, were constructively imposed on HDP rather than on petitioner.

Petitioners maintain that this is necessarily so because petitioner performed no

services in any of the States generating the nonresident income taxes in question.

Petitioners contend that any other construction of the various States' tax statutes

raises significant doubts about the constitutionality of the States' taxing powers

because petitioner lacked a sufficient nexus to those States to be taxed by any of

them.  Again, we are not convinced.

In support of their argument, petitioners rely on an unpublished Virginia trial

court decision, DiBelardino v. Commonwealth, No. CL06-5696, 2007 Va. Cir.

LEXIS 330 (Va. Cir. Ct. June 22, 2007) (Richmond City).  We are not bound by

this unpublished lower court State decision.  See Commissioner v. Estate of Bosch,

387 U.S. 456, 465 (1967).  In any event, we find it inapposite.  DiBelardino held, in

part, that a member of a Delaware limited liability company, which was qualified to

do business in Virginia and which received settlement proceeds from a lawsuit

against a competitor, was not subject to Virginia income tax on these proceeds

because the member lacked any minimum contacts with the State of Virginia

**[*12]** through ownership, management, or control of property there. By contrast, the record in this fully stipulated case, in which petitioners bear the burden of proof, does not establish that petitioners lack any nexus with Virginia or any of the other States in question. To the contrary, the record convinces us that petitioner, as an HDP principal, had the authority to manage HDP's business, including its business in Michigan, Virginia, Illinois, and Oregon.[7]

In sum, petitioners have failed to establish that the nonresident taxes in question were either expressly or constructively imposed on HDP. [8]

---

[7]A Michigan professional limited liability company (PLC) and its members are subject to the Michigan Limited Liability Company Act (LLC Act). Mich. Comp. Laws Serv. sec. 450.4901(2) (LexisNexis 2014). According to the LLC Act, the members of a PLC are to manage the PLC's business unless the PLC's articles of organization state otherwise. Id. sec. 450.4401. Petitioners failed to place the HDP operating agreement into the record or otherwise to establish that the HDP principals managed HDP differently than would be the case under the default rules of the LLC Act. See id. sec. 450.4901(2). Accordingly, we have found that petitioner had the authority along with other HDP principals to direct its operations.

[8]Having rejected the premises of petitioners' argument, we need not and do not decide whether, as they suggest, a State tax expressly or constructively imposed on a business entity is necessarily directly attributable to a trade or business so as to be deductible from gross income pursuant to sec. 61(a)(2).

**[\*13]** B. <u>Whether the Virginia Taxes Were Imposed on Petitioners' Gross Income</u>

Petitioners alternatively argue that the 2008 and 2009 Virginia taxes are deductible from gross income because they were imposed on petitioner's gross income rather than his net business income. In support of this argument, petitioners point to regulations under section 62 which provide that State taxes on <u>net</u> income are <u>not</u> deductible in determining AGI. Sec. 1.62-1T(d), Temporary Income Tax Regs., <u>supra</u>. From these regulations petitioners deduce that State taxes on <u>gross</u> income <u>are</u> deductible in determining AGI.

Petitioners' argument fails because, if for no other reason, the Virginia taxes in question were imposed on net income rather than gross income. <u>See</u> Va. Code Ann. sec. 58.1-325(A) (providing for calculation of the Virginia "taxable income" of a nonresident individual, partner or beneficiary as determined by comparing the "net amount" of income, gain, or loss from Virginia sources and the "net amount" of such items from all sources).[9]

Petitioners also rely on Rev. Rul. 81-288, 1981-2 C.B. 17, in arguing that the 2008 and 2009 Virginia taxes were imposed on petitioner's gross business income,

_____

[9]Terms in the Virginia Income Tax chapter generally have the same meaning as in the Internal Revenue Code unless a different meaning is clearly required. Va. Code Ann. sec. 58.1-301. Under the Internal Revenue Code, "taxable income" means gross income less deductions allowed, sec. 63, as distinguished from "gross income", sec. 61.

**[\*14]** not his net income, and should be properly treated as an above-the-line deduction. This revenue ruling concluded that the New Hampshire Business Profits Tax (NHBPT) was deductible above the line. The revenue ruling describes the NHBPT as a tax on the privilege of entering into a business in New Hampshire and as measured by net profits reduced by a deduction for the reasonable value of the proprietor's services. By contrast, as previously discussed, the 2008 and 2009 Virginia taxes were taxes of general application applying to all of petitioner's Virginia-source income and calculated by reference to the net amount of income, gain, loss, and deductions from HDP. Consequently, whatever weight might be accorded the revenue ruling, petitioners' reliance on it is misplaced.

We sustain respondent's determination that the State nonresident taxes in question are not deductible from petitioners' gross income in determining their AGI but instead are deductible only as itemized deductions pursuant to section 164(a)(3).

To reflect the foregoing and the parties' concessions,

<u>An appropriate order will be issued,</u>

<u>and decision will be entered under Rule 155</u>.